CHARLOTTE H. NELSON

*v.*

JOHN E. HAYNER *et al.*

1. PARTNERSHIP—*relation of surviving partners after death of one, to representatives of deceased partner.* The death of a partner is, *ipso facto*, from the time of the death, a dissolution of the partnership, however numerous the association may be. But a community of interest still exists between the survivors and the representatives of the deceased partner, and the latter have a right to insist on the application of the joint property to the payment of the joint debts, and a due distribution of the surplus. So long as these objects remain to be accomplished, the partnership may be considered as having a limited continuance.

2. SAME—*remedy against surviving partner.* If the surviving partner does not account in a reasonable time, a court of chancery will grant an injunction to restrain him from acting, and appoint a receiver and direct the account to be taken.

3. SAME—*fiduciary relation of surviving partner.* In equity, the surviving partners are treated as trustees, with the fiduciary relation existing between them and the representatives of the deceased partner, of trustees to *cestuis que trust.*

4. SAME—*effect of the statute of 1869 on the relation.* While the statute of 1869, in respect to the settlement of estates of deceased partners, provides some remedies which may be regarded as cumulative, it does not change the nature of the relation between the surviving partners and the representatives of the deceased partner, and does not affect the right of the latter to have the joint property applied to the payment of the joint debts, and a due distribution of the surplus, but is rather confirmatory of these rights, as previously recognized in courts of equity.

5. SAME—*surviving partners can not purchase of themselves the property of the late firm.* Where, after the death of a partner, the survivors, one of whom was the executor of the will of the deceased partner, formed themselves into a new firm and purchased from themselves the whole of the interest of the deceased at ten per cent below its appraised value, to be paid for in four equal installments in six, twelve, eighteen and twenty-four months, without interest or security: *Held*, that a decree confirming such pretended sale was palpably erroneous, as the sale was void.

6. CONTRACT—*parties to.* It is indispensable to every legal contract that there be two contracting parties competent to contract, therefore an attempted sale from one man to himself, or from surviving partners to themselves, is void.

7. FIDUCIARY—*dealing with the subject matter of the trust.* Executors, trustees, and those sustaining fiduciary relations, can not purchase property at their own sale, even through the intervention of another acting ostensibly as the purchaser. Such a sale is fraudulent *per se*, and can be sustained by no explanations which do not disprove the facts.

8. SAME—*reason of the rule.* This doctrine is based upon an inflexible rule of public policy which forbids those acting in a fiduciary capacity from bringing their own personal interest, in any way, into conflict with that which their duty requires them to do on behalf of their *cestuis que trust.*

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding

It appears, upon the face of the bill filed by the appellees, that they are surviving partners of Arba Nelson, deceased, who died February 6, 1871, leaving appellant, Charlotte Nelson, his widow, but no children, surviving him; that he left a last will and testament, by which he appointed appellee John E. Hayner, and one Whipple, executors; that the will had been admitted to probate, and letters testamentary issued to the executors named, who had assumed the duties of administration; that, at the time of his death, Arba Nelson was a member and owner of one-half of the capital stock in one firm dealing in agricultural implements, saddlery and hardware, of which his co-partners were the said Hayner, appellee, Albert H. Drury, and Luther K. Drury; that deceased was, at his death, member of another firm doing business as ·

dealers in iron and hardware, of which the co-partners were said Hayner and appellees Wise, Blake and Johnson. He was, likewise, owner of half the stock of this firm; that appellees and Luther K. Drury, as surviving partners, had made inventories of all the stock belonging to said respective firms on hand at the death of Nelson, and had the same appraised according to the statute, which inventories and appraisement bill had been filed in the probate court; that, by such appraisement, the value of the interest in the stock of both said firms was found to be $34,061.98; that, on the 16th of February, 1871, appellees having organized themselves into a new firm, under the name and style of John E. Hayner & Co., such new firm purchased from the aforesaid surviving partners all the entire stock in trade of said former firms respectively; that they purchased the same at ten per cent less than the appraised value of the same, on the terms following: to be paid in four equal installments, in six, twelve, eighteen and twenty-four months from the time of such purchase, and that the share of said Arba Nelson in the proceeds of said sale amounted to the sum of $30,655.79. The bill then avers that, on account of the situation and character of the stock in trade of the respective firms aforesaid, the same could not have been sold by the surviving partners, either at retail or by public sale, in parcels or in gross, without a very great and ruinous sacrifice, and that the price paid by complainants is much more than could have been realized from the sale of said property in any other way or manner; and that, under the circumstances, no better disposition could have been made of the said property for the interest of all parties. The bill makes appellant, the widow, the executors and Luther K. Drury parties defendant, and prays for a decree confirming said sale, and that the title and possession of the property be established in complainants.

The widow answered, denying the alleged sale, also the right of the surviving partners, etc., to sell to themselves, and

insisted that, at all events, they should have taken Nelson's interest at the appraised value.

Luther K. Drury answered, John E. Hayner and Whipple, the executors, made default, replication was filed to answers, and the case heard upon pleadings and proofs. The court rendered a decree declaring said sale valid, and establishing title and possession of the property in complainants. From this decree the widow, Charlotte Nelson, took an appeal to this court.

Mr. HENRY S. BAKER, for the appellant.

Mr. LEVI DAVIS, and Mr. CHARLES P. WISE, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The death of either partner is, *ipso facto*, from the time of the death, a dissolution of the partnership, however numerous the association may be. But, notwithstanding such dissolution, a community of interest still exists between the survivor and the representatives of the deceased partner, and the representatives have a right to insist on the application of the joint property to the payment of the joint debts, and a due distribution of the surplus. So long as these objects remain to be accomplished, the partnership may be considered as having a limited continuance. If the survivor does not account in a reasonable time, a court of chancery will grant an injunction to restrain him from acting, and appoint a receiver and direct the account to be taken. 3 Kent's Com. *57. These comprise the general outlines of the relations between surviving partners and the representatives of the deceased partner, and constitute the former trustees with the fiduciary relation subsisting between them and the latter, of trustees to *cestuis que trust.*

It is necessary to see whether the statute of 1869, in respect to the settlement of estates of deceased partners, has made any change in these relations. The first section requires the surviving partner or partners to make a full, true and complete inventory of the estate of the co-partnership within his or their knowledge, also of all the liabilities thereof at the time of the death of the deceased partner. The survivors shall also cause said estate to be appraised, in like manner as the individual property of a deceased person, to the probate court. By the second section, they are required to return such inventory, list of liabilities and appraisement within sixty days to the county or circuit court of the county of which deceased was a resident, etc. Then the third section declares that such surviving partner or partners shall have the right to continue in possession of the effects of the partnership and settle its business, but shall proceed thereto, without delay, and shall account with the executor or administrator, and pay over such balances as may, from time to time, be payable to him in right of his testator or intestate. Upon the application of the executor or administrator, the county or circuit court may, whenever it may appear necessary, order such surviving partner or partners to render an account to said county or circuit court, and, in case of neglect or refusal, may, after citation, compel the rendition of such account by attachment.

The fourth section provides that, upon the committal of waste by the surviving partners, the court may, upon proper application, protect the estate of the deceased partner by requiring the surviving partners to give security for the faithful settlement of the affairs of the co-partnership, and for their paying over to the executor, etc., of the deceased, whatever shall be found due, within a time to be fixed by the court. This section further provides, that giving such security may be enforced by attachment, or, upon refusal to give such security, the court may appoint a receiver of the partnership property and effects, with like powers and duties of receivers in courts of chancery.

The provisions of this statute provide some remedies which may be regarded as cumulative, but we perceive nothing in them which changes the nature of the relation between the surviving partners and the representatives of the deceased partner, or which affects the right of the representatives to have the joint property applied to the payment of the joint debts, and a due distribution of the surplus. But, on the contrary, the statute is to be considered as confirmatory of these rights as previously recognized by equity.

This bill is filed by the surviving partners of Arba Nelson, who died February 6, 1871. They allege the making of the inventory of the estate of the co-partnership, and also a full and true list of the liabilities of the same at the time of Nelson's death ; but there is nothing in the bill showing what those liabilities were, or what they amounted to, nor is there any allegation that they had been paid, or that the partnership owed no debts ; nor is there any allegation that there had been any accounting to or settlement with the representatives of the deceased partner. Without any of these appearing, the bill simply shows that the surviving partners, after the death of Nelson, organized themselves into a new firm, under the name and style of John E. Hayner & Co. This new firm, composed wholly of the surviving partners of the two former firms, whose estate was appraised at $48,869.51, and one of such surviving partners being also an executor of the estate of the deceased partner, on the 16th of February, 1871, went through the form of purchasing of the surviving partners—that is of themselves—the whole of said estate at a price, as they say, of ten per cent below the appraisal, to be paid for in equal installments, in six, twelve, eighteen and twenty-four months, without security and without interest. This pretended sale, so made, the court below decreed to be valid, and that the title and possession of all said property be established in complainants.

If this decree is to stand, it is clear that, in all subsequent proceedings in regard to the rights or interest of the deceased

partner's representatives or the beneficiary under the will, these surviving partners must be regarded as the absolute owners of all the property to which the title is thus confirmed in them.   If joint debts remain outstanding—if the property is becoming wasted by bad management—still, they could not be required to give the security provided by the fourth section of the statute, nor could a receiver be appointed by chancery to take possession of it.   They can be called upon to account only in accordance with the terms of payment fixed beforehand by themselves, without the consent of the widow or other beneficiary, and without the sanction of law. The property is to be deemed theirs, to be, disposed of by them as they please, and, if disposed of, the proceeds will likewise be at their own disposal.   If they should become insolvent and debts remain unpaid, then Nelson's individual estate could be subjected to the payment of such debts.   The decree vested the entire partnership estate in the surviving partners, absolutely ; the effect would be to relieve them of the character of trustees in respect of that estate, and this without any accounting—without inquiry as to the nature and extent of the liabilities of the several partnerships.   In this view, the decree is palpably erroneous.   But this is not all ; it arbitrarily declares that to be a valid contract of sale, which, in the very nature of things, could not be a contract at all.   To say that a man entered into a contract of sale *with* himself, or made a sale of property *to* himself, is to utter a legal solecism.   It is indispensable to every legal contract that there be two contracting parties competent to contract ; so that, independent, altogether, of all questions arising out of fiduciary relations, this pretended purchase was void, from the fact that no man can contract with himself.   *Sherlock* v. *Village of Winetka*, 59 Ill. 401.

Nor is this all.  The sellers and purchasers being surviving partners, were trustees of the partnership estate.  Hayner was one of them, but he was also administrator of the estate of the deceased partner ; so that, he being surviving partner

and administrator, was seller and buyer in the transaction, and both plaintiff and defendant in the suit for a decree of. confirmation. The rule is strict, that an executor or administrator can not buy at his own sale, even though done through the intervention of another acting ostensibly as the purchaser. Such ,a sale is fraudulent *per se,* and can be sustained by no explanations which do not disprove the fact. *Miles et al.* v. *Wheeler et al.* 43 Ill. 123, and cases there cited. This doctrine is based upon an inflexible rule of public policy, and which forbids these trustees, and others of a like character, from bringing their own personal interest, in any way, into conflict with that which their duty requires them to do on behalf of their *cestuis. que trust.*

The decree of the court below must be reversed and the bill dismissed.

*Decree reversed.*