## ROSE A. FORRESTER, Executrix,

### v.

## JOHN OLIVER, Adm'r, ET AL.

1.  SURVIVING PARTNER—STATUTE RELATING TO DUTIES OF.—The statute of Illinois, relating to the duties of a surviving partner in the management of the partnership estate, is but declaratory of what the law was before its enactment. It provides some additional remedies, but does not change the rights or duties of the parties, only the mode of performing them.

2.  COMMON LAW RULE—SURVIVING PARTNER LIABLE FOR LOSSES.—A dissolution by death puts an end to the partnership from that time, whether the death be known or unknown. It terminates the power of the surviving partner to carry on the business, or to engage in new transactions, contracts or liabilities on account thereof; and it then becomes his duty to cease carrying on the business. If he continues the business, it is at his own risk, and he will be liable, at the option of the legal representative of the deceased partner, to account for the profits made, or to be charged with interest on the deceased partner's share of the surplus, besides bearing all losses.

3.  RELATION OF SURVIVING PARTNER TO LEGAL REPRESENTATIVES OF DECEASED PARTNER.—On the death of a partner, the relation of trustee and *cestui que trust* is created; the surviving partner, as to the partnership estate, occupying the position of trustee, with the legal representatives of his deceased partner, on the one hand, and the creditors of the firm, on the other, that of *cestuis que trust;* the terms of the trust being that he will at once cease business in the name or on account of the late firm, and proceed without delay to close up the business, as provided by statute.

4.  SURVIVING PARTNER CONTINUING BUSINESS—LIABILITY.—It appearing from the testimony in the case that the surviving partner, upon the death of his copartner, took no steps to close up the firm business, as required by statute, but on the contrary embarked in new enterprises in the firm name, with the firm capital; *held*, that this was a conversion, and he should be charged with whatever the interest of his deceased partner in the business was worth at the time of such conversion.

ERROR to the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Messrs. FORRESTER & BEEM, for plaintiff in error; upon the duty of a surviving partner to cease business and close up estate, and as to his liability, cited Story on Partnership, 343; Washburn v. Goodman, et al. 17 Pick. 519; Parsons on Partnership, 438; Booth v. Parks, Beatty's R. 449; Clement

v. Hall, DeGex & J. 186; Foulman v. Copeland, 2 Phil. Ch. 714; Lindley on Partnership, 1041; Gross' Stat. 829.

As to consent or agreement to continue the business: Kirkman v. Booth, 11 Beav. 273; Parsons on Partnership, 397.

That surviving partner is a trustee: Nelson v. Hayner, et al. 66 Ill. 487.

Messrs. GARDNER & SCHUYLER, for defendants in error; as to the duty of the surviving partner to settle the partnership estate, cited Nelson v. Hayner, et al. 66 Ill. 487; Laws 1869, 301, § 3.

As to liability of the surviving partner by continuing the business, and that the partnership has a limited continuance for certain purposes, cited Nelson v. Hayner, et al. 66 Ill. 487; Hutchinson v. Smith, 7 Paige Ch. 26; Evans v. Evans, 9 Paige's Ch. 178; Murray v. Mumford, 6 Cowen, 441; Tremper v. Conklin, 44 N. Y. 58; Betts v. June, 51 N. Y. 274; Washburn v. Goodman, et al. 17 Pick. 519; Lindley on Partnership, 830; Schenkel v. Dana, 118 Mass. 237; Gow on Partnership, 2d Ed. 253; Collyer on Partnership, 2d Ed. 130; Caldwell admr. v. Stillman, 1 Rawle, 212; Fereira v. Sayes, 5 Watts & Serg. 210; Cope v. Warner ex'r. 13 Serg. & Rawle, 411; Hebeston v. Johnson, 10 Barr. (Pa. St.) 124; Brown, Exr. v. Higginbotham, 5 Leigh, 683; Walker v. Goodrich, 16 Ill. 341; Smyth et al. v. Harvie et al. 31 Ill. 62; Mason v. Tiffany, 45 Ill. 392; Willett v. Blandford, 1 Hare, 253; Crawshay v. Collins, 15 Vesey, Jr. 218; *ex parte* Williams, 11 Vesey, Jr. 5; Moore v. Huntington, 17 Wall. 417.

MURPHY, P. J. This was a bill in Chancery, filed in the Circuit Court of Cook county, by the plaintiff in error, as executrix of the estate of Tunis Ryerson, late of said county, deceased, against the defendants in error, as administrator and ad-administratrix of the estate of Peter Johnson, also late of said county, deceased, for an accounting between the two estates.

Upon a hearing of the cause, the court below dismissed the bill for want of equity, and the complainant brings the record

here on writ of error, and asks a reversal of said decree, and assigns for error: First—That the court erred in ordering that the net loss accruing from the fire should be charged to the firm of Ryerson and Johnson, and borne equally by the estates of the decedents, Ryerson and Johnson. Second—That the court erred in not charging the defendants with one half of the loss by the fire, and allowing the same to the complainant; Third—That the court erred in dismissing the bill of complainant.

It appears that Tunis Ryerson, of whose estate the plaintiff in error was executrix, and Peter Johnson, of whose estate the defendants in error are administrator and administratrix, had for several years carried on "the business of a lumber yard," in the city of Chicago, as copartners, under the firm name of Ryerson and Johnson. That on the 11th day of July, 1871, said Ryerson departed this life testate, and that said Johnson, as surviving partner, retained the possession and control of all the property and assets of the firm, amounting in value to over one hundred thousand dollars, including a large stock of lumber on hand, and used the same with the other means of the firm, in continuing the business for his own profit and benefit, but without consulting the plaintiff in error.

That in the spring of the year, 1872, Johnson departed this life without having accounted with the plaintiff. It did not appear that Johnson as surviving partner had filed any inventory in court of the property and assets of the firm, as required by the statute. It also appears that the entire stock of lumber and "other property in the yard," was destroyed without any fault or negligence of any person, by the great fire in Chicago, of October 8 and 9th, 1871, and that the value of the whole property so destroyed was $49,054.69, and that there was realized from insurance from solvent companies the sum of $5,272.50, leaving a net loss of $43,728.19.

It appears that all the property and assets of the late firm of Ryerson and Johnson, not destroyed by the fire, had been accounted for; their debts and liabilities all paid, and the surplus divided. That there is nothing in controversy between the two estates except the value of the lumber and other property

destroyed by the fire, as above stated. It appears that the late firm of Ryerson and Johnson were joint owners with one Esau Tarrant, of a steam sawmill at Muskegon, in the state of Michigan, and were co-partners with him under the firm name of Esau Tarrant & Co., for the purpose of running and operating the same.

That at the time of Ryerson's decease, said last mentioned firm had on hand a large stock of logs belonging to said firm, by it to be sawed, and the lumber disposed of; and that by an agreement with Esau Tarrant & Co., Ryerson and Johnson were to sell the lumber sawed by the former, as it should be shipped to them for that purpose at Chicago; that the partnership between Ryerson and Johnson and Esau Tarrant, was formed by written articles of co-partnership, bearing date November 8th, 1870, and was to continue one year from that date, which was executed in the firm name of Ryerson and Johnson, for the purpose as therein stated, of buying logs, manufacture of lumber, lath &c., at the city of Muskegon, State of Michigan, and that Ryerson and Johnson had paid in as stock the sum of $15,000.00, and said Tarrant a like sum, to be used in common between them, for the support and management of said business, to their mutual benefit and advantage. Upon these facts it is insisted by the plaintiff in error, that as matter of law, the estate of said Johnson is liable to the estate of said Ryerson, for the full value of one-half of the firm assets remaining in Johnson's hands after the payment of all the partnership liabilities, and which were destroyed by the great fire of 1871, amounting, as is claimed by the plaintiff in error, to one-half of $43,782.19, the value of the lumber and other partnership property destroyed by the fire, which is $21,891.09. This raises the question as to what are the legal rights of a surviving partner touching the partnership assets, and what is his duty to the legal representatives of his deceased partner in that regard. By the statute of 1869, in respect to the settlement of estates of deceased partners, Gross' Statute 829, it is provided as follows: Section 1st. "That surviving partners shall make a complete inventory of the estate of the co-partnership, and also a complete list of the liabilities of the

firm, and to cause the estate to be appraised in the same manner as the undivided property of deceased persons to the Probate Court."

Section 2d. "And return under oath such inventory list and appraisement, within ten days after the death of the co-partner, to the County or Circuit Court of the county of which deceased was a resident at the time of his death; upon neglect so to do, to be liable to attachment, after citation." Section 3d. "Surviving partners shall have the right to continue in possession of the effects of the partnership, and settle its business, but shall proceed thereto without delay, and shall account with the executor or administrator, and pay over such balance as may from time to time be payable to him in right of his testator or intestate. And, upon application of the executor to the County or Circuit Court, may, whenever it shall appear necessary, order the survivor to account as to the question of the rights of a surviving partner, and his duties to the legal representatives of his deceased partner." We think this statute is but declaratory of what the law was before its enactment. It provides some additional remedies which did not exist prior thereto, but does not attempt to change the rights or duty of the parties, changing only the mode of performance. At section 343, of Story on Partnership, the learned author says: "We have already seen that a dissolution by death puts an end to the partnership from the time of the occurrence of that event, whether known or unknown, or whether third persons have or have not notice thereof—so that it completely puts an end to the power and authority of the surviving partners to carry on, for the time, the partnership trade or business, or to engage in new transactions, or contracts, or liabilities, on account thereof. It is, therefore, the duty of the surviving partners henceforth to cease altogether from carrying on the trade or business thereof, and if they act otherwise, and continue the trade or business, it is at their own risk, and they will be liable at the option of the representatives of the deceased partner, to account for the profits made thereby, or to be charged with interest on the deceased partner's share of the surplus, besides bearing all losses." Therefore, by the death

of Mr. Ryerson, *ipso facto*, the dissolution of the co-partnership was complete, and the relation of trustee and *cestui que trust* established. Mr. Johnson, from that moment occupying the equitable attitude of trustee with the creditors of the late firm of Ryerson and Johnson, on the one hand, and the legal representative of the deceased partner on the other, as *cestuis que trust*. The terms of the trust being fixed, determined and declared by the law, namely: that he at once suspend all operations of business in the name of, or on account of the late firm, and proceed without delay to close up said business, in manner and form provided by the statute, converting as fast as prudence and good judgment will permit, the partnership assets into cash, at least so far as to enable him first, to pay and discharge all legal liabilities of the firm; and, secondly, account to the legal representatives of his deceased partner, according to their equitable interest in the remaining partnership assets, and thus close up the partnership business. It is urged by the defendants in error that Mr. Johnson was entitled to a reasonable time in which to wind up said business, and from the decease of Mr. Ryerson, on the 11th of July, up to the time of the fire, on the 8th and 9th of October, 1871, was not sufficient time for such purpose, and that therefore his estate should not be charged with the loss of the Ryerson estate in said lumber. There might be force in this position if Mr. Johnson had taken any steps under the law to close up said business after the decease of Mr. Ryerson, before the fire, or in apt time; but there is no evidence at all that he ever did the least act with that object in view. It will be observed that by the second section of the above statute, it was made the duty of Mr. Johnson, within ten days from the decease of Mr. Ryerson to return under oath an inventory and appraisement of the partnership assets to the County or Circuit Court, as the first step in the direction of closing up said business. This and all other acts looking to the closing up of said business, he entirely failed to do. We think it is obvious that he did not intend to close up the business at all, but on the contrary, to continue the same for his own benefit; and for that purpose, embarked the entire capital of the late firm in new adventures,

purchasing between the date of the decease of his partner and the great fire, five millions of feet of green lumber for the business, and giving every outward evidence of his intention to carry on the business indefinitely for his own benefit, using for that purpose the capital which equitably belonged to the legal representatives of his deceased partner.   It is urged by the defendants, that the firm having entered into a continuing contract of partnership with Esau Tarrant, and the lease for the yards where they had done business, constituted a justification of Mr. Johnson to continue the business.   A large number of authorities are referred to to support this view.   We have examined these authorities, and do not think they sustain the right of Mr. Johnson to continue the business as he did.   They are not in conflict with the elementary doctrine that the surviving partner, as trustee, invested with the legal title to all the partnership property, has the power, and it becomes his duty, to proceed at once and close up the partnership business of every kind, including as well its out-standing obligations in the nature of executory contracts; as others, they are all partnership contracts, and are alike affected by its dissolution.

It is not claimed that the plaintiff in error consented to this unlawful continuation of the business, and it was not necessary for her to appear and object.   Remick's Administrator v. Ewing et al. 42 Ill. 342.   Johnson was bound to know the law, and obey it.   He failed to do so at his peril.   In the case of Nelson v. Hayner, 66 Ill. 487, the court holds this same doctrine.   We think that when Mr. Johnson failed to take the steps required of him by the law, looking to closing and settling up of the partnership business, but embarked the entire capital in a business on his own account and for his own benefit, it is a substantial conversion to his own use of the entire capital belonging to the legal representative of his deceased partner so in his hands, and he should be charged with whatever the property so converted was fairly worth in the market at the time of such conversion or appropriation.   It appears that the value of the partnership property destroyed by the fire was $49,054.69; that there was received from the insurance thereon $5,272.50, leaving a net loss of $43,782.19.   It

appears by the agreement of the parties that the above figures represent the fair market value of the property destroyed. The rule announced in the case of Moore v. Huntington, 17 Wall, 417, is inapplicable in this case, for the reason as we have shown, that Mr. Johnson unlawfully so used and employed the property which equitably belonged to the plaintiff in error, as to amount practically to a wrongful conversion of the same, and therefore we are of the opinion that his estate is chargeable with it at its fair cash value, which appears to be $21,891.09, being one-half of the net loss. We think the court erred in dismissing the bill and not entering a decree for such amount.

For these errors the decree of the court below is reversed, and a decree entered in this court for the plaintiff in error for the above sum of $21,891.09 against the defendants in error, to be paid in due course of administration.

                                        Decree reversed.