T. L. EMRY *et ux.* v. THE RALEIGH AND GASTON RAILROAD COMPANY.

*Petition to Rehear—Duties of Counsel.*

1. The decision in *Emry* v. *Railroad*, 104 N. C., reaffirmed.
2. The Court reiterates that it will rehear a case only for weighty considerations, and when the alleged error clearly appears.
3. Observations by MERRIMON, C. J., upon the duties and responsibilities of counsel.

This was a Petition to Rehear filed by the defendant. (See 104 N. C.)

*Mr. R. O. Burton, Jr.,* for plaintiff.
*Messrs. J. B. Batchelor, John Devereux, Jr.,* and *W. H. Day,* for defendant.

MERRIMON, C. J.: It is but a reiteration of what has been said in a multitude of decided cases of this Court, to say that it will *rehear* a case only for very weighty considerations, and when the alleged error clearly appears.

This is not a mere empty declaration; it is serious, and founded in that essential fundamental element of Courts of last resort that makes it their duty and prompts them to

adhere to and preserve the uniformity and stability of their decisions. Such Courts are of the greatest consequence. They do not simply decide particular cases before them, but as well expound and determine what the law is as applicable to them, and to cases of like nature, indefinitely in the future, whenever or however they may arise. If such decisions are uncertain, conflicting and indeterminate, the necessary consequence must be confusion in the application of the law, so that the people, and also those who administer the government in all its branches cannot, to a greater or less extent, know what the law is and what their rights and duties are. The law and right become unsettled and confused, and public disorder and disastrous consequences follow.

It is the high duty of such Courts to exercise patience, diligence, care and scrutiny in the examination of cases, and to decide them correctly; but in addition, a chief duty of great moment to the public is to make their decisions as to what the law is and in its application uniform and stable. They have no authority to make or unmake the law. Their solemn duty is to determine what it is, and to apply it as they find it to be. Hence, departures from decided cases and the introduction of new and cherished opinions and doctrines are not to be encouraged.

Every intelligent lawyer must be sensible of the truth and importance of what has just been said. And yet, applications to rehear cases are constantly made, without due regard to the serious character of such an application, and with slight observance of the stringent rules and regulations prescribed for the purpose of preventing hasty and inconsiderate applications. Learned counsel oftentimes seem to forget their duty to the Court, in the administration of justice, and the gravity of rehearing a case. They seem to think only, or mainly, of the parties directly interested, and inadvertently fail to look beyond them to the public interest,

and the whole duty of the Court as a tribunal of last resort, whose dignity, character, thoroughness and correctness in its decisions they ought to remember and care for. Lawyers have much to do with the administration of public justice. They are officers of the Court in an important sense. By reason of their right to practice law, granted by the State, they are interested in, and it is their duty to uphold, the dignity and honor of the Courts as tribunals, and to see, as sentinels, that the laws are justly administered. In such respects they owe the public a duty. They are not, as some seem to think, a class of skilled gamesters, whose chief aim and purpose is to cheat and warp and thwart and defeat the ends of justice. Such things every well-bred lawyer scorns and detests.

While counsel should, under the rule applicable, unhesitatingly certify that, in his opinion, there is error in the decision of the Court complained of if he has such opinion, he should not have it until he has scrutinized the case in which it was made, just as he would have done if he had been the Judge, and it had been his duty to decide the case. He should not form his opinion in a hurry, as is sometimes the case, to gratify a brother lawyer who feels unhappy because he lost his case. That should go for naught. This is so, because, as we have said, to rehear a case is extraordinary and of serious moment, affecting not only the parties directly interested, but the administration of the law and the public.

By what has been said is not meant that no case shall be reheard. There are cases that ought to be reheard. Courts sometimes, be they ever so vigilant and pains-taking, make mistakes. In proper cases, they will gladly hasten to correct errors. We have had occasion at the present term, in *Gay* v. *Grant*, to cite numerous cases that point out with clearness what will and what will not entitle a complaining party to have his case reheard. These cases are authoritative. It is our

plain duty to observe and adhere to them, and we do not hesitate to do so.

This is an application to rehear the case of *Emry* v. *Railroad*, 102 N. C., 209, decided at the February Term, 1889. We have heard it repeatedly argued and given it much consideration, and are of opinion that the petition must be dismissed. The case we are asked to rehear was elaborately and ably argued on both sides. The Court had the fullest opportunity to understand it in all its bearings, and gave it earnest and protracted consideration. No material point was overlooked, nor has any direct authority been called to the attention of the Court that was not considered— the case has only been reargued! Although there was some diversity of opinion among the members of the Court as to one or two of the material questions decided, in our judgment, no adequate reason has been submitted or cause assigned that ought to induce the Court to grant the prayer of the petitioner. *Gay* v. *Grant, supra,* and the cases there cited.

Our learned brother, who delivered the opinion of the Court in *Emry* v. *Railroad,* said, *obiter:* "The defendant has no reason to complain that the Court allowed the jury to apply, as the test, the abstract principle that the plaintiffs were bound to exercise that degree, and only that degree, of care which a man of ordinary prudence would exhibit in the management of his affairs," &c. The jury, by their finding, corrected any possible error in that respect. With the view to prevent possible misapprehension, we deem it proper to say here that a majority of the Court do not concur in that expression of view, and do not think it consistent with decisions of the Court on that subject.

Petition dismissed.