*Petition to Rehear Case Reported 124 N. C., 540.*

1. Rule 53, Clark's Code, p. 711, explained as more particularly intended for the guidance of the Justice who orders the rehearing.

2. When a rehearing has been ordered, and a manifest error is made to appear, the Court will correct it.

3. Upon the dissolution of a partnership by the death of one of its members, the surviving partner is the legal owner of its assets, which he holds in trust, first to pay the debts of the partnership, and then for the benefit of the estate of the deceased partner.

4. When the defendant bank knew that the plaintiff was the only surviving partner of a firm, and that he was making deposits as such, it had no right to apply them to the payment of a debt, created by the partnership before its dissolution, without the consent of the depositor.

*Messrs. Holton & Alexander,* and *Shepherd & Busbee, E. E. Gray,* and *Chas. Price,* for petitioner.
*Messrs. Glenn & Manly, Jones & Patterson, A. H. Eller,* and *Watson, Buxton & Watson, contra.*

FURCHES, J. This is a petition to rehear. The same case was before the Court at February Term, and is reported in 124 N. C., 540, and it is now contended for defendant that the case should not be reheard, for that to do so would violate the rules of practice prescribed by this Court in *Weathers v. Borders,* 124 N. C., 610; *Hudson v. Jordan,* 110 N. C., 250; *Tucker v. Tucker, Ibid,* 333; *Emry v. Railroad,* 105 N. C., 45; *Gay v. Grant, Ibid,* 478; *Watson v. Dodd,* 72 N. C., 240, and *Mullen v. Canal Co.,* 115 N. C., 15, where it is said that a

case should not be reheard unless it shall appear that facts have been overlooked, or some authority has been overlooked, or that the case has been decided hastily and without full consideration, or that the opinion contains a legal error. Some of the cases cited were decided before the adoption of Rule 53, Clark's Code, p. 711, and may have led to the adoption of that rule; and those decided since its adoption have been in conformity to this rule; and the cases cited may be found in Clark's Annotated Code, under that rule, except those cases that have been decided since that Code was published.

This rule as we understand it, was intended for the guidance of the Justice who orders the rehearing. But we will admit that it has not always been observed in granting applications to rehear, as in *Commissioners v. Lumber Co.,* 116 N. C., 731, and other cases that might be cited. But after the rehearing has been granted and the case has been argued upon the rehearing and a manifest error is made to appear to the Court, is it contended that the Court should not correct the error because it was not pointed out on the former argument and not discovered by the Court on the former hearing? Is it contended that the Court is estopped to correct an error of *law* on a rehearing, even if it was *considered* and erroneously decided on the former hearing?

The writer of this opinion has probably been more pronounced than some of the other members of the Court in adhering to the terms of Rule 53, in granting rehearings, and he does not think they should be granted upon alleged errors of *law,* unless it manifestly appears to the Justice granting the rehearing that there is such error. But when the rehearing has been ordered, and a manifest error is made to appear, it is the duty of the Court to correct it. This is frequently done by this and other appellate courts, in overruling former decisions when they are found to be erroneous, and stand in

the way of a correct decision of the case under consideration. It can not be less its duty to correct its own decision when found to be manifestly erroneous.

We have discussed this question at some length, upon the general question of rehearing cases, as it seemed necessary for us to do so on account of the serious contention that has been made against our considering the alleged errors, for the reason that they were considered in the former opinion of this Court. But, so far as the rehearing in this case is concerned, the petition to rehear complies with the requirements of Rule 53.

The petition to rehear alleges and undertakes to point out both errors of fact and errors of law, contained in the statement of facts, and questions of law in the opinion of the Court; and, by inadvertence the facts as they really exist were overlooked by the Court.

It is stated in the opinion of the Court, that: "The plaintiff contends that neither amount could be deducted, and that all the defendant was entitled to was to pro rate with other creditors of the firm debt only, and not upon the individual debt of L. L. Lunn at all."

The petitioner alleges that in this statement there was error; that as a matter of fact he contended that he was the sole owner of this fund, in trust, and had the right to pay it out to creditors of the firm as he chose, but that he had intended to pay out pro rata. And upon an inspection of the record this contention of the petitioner seems to be correct, and that the statement of the Court, inadvertently made, is not correct.

It is stated in the opinion of the Court "that there was a verdict in favor of the defendant," and the petitioner alleges that this.is another inadvertent statement which is not correct. The petitioner alleges that as a matter of fact the jury found

all the issues, except the eighth, and those agreed upon by the parties, for the plaintiff. And upon an examination of the record it appears that the eighth issue is the only issue upon which the defendant claims that a judgment should be rendered in its favor. There are other errors alleged in the petition to rehear, to which we make no reference, and have only specially noticed these for the purpose of showing that the petition complies with the requirements of Rule 53.

The question then is: Is there error in the judgment of the Court rendered at the last term? And to save repetition and time we may say that every issue was found for the plaintiff, except the eighth, which the defendant claimed entitled it to the judgment of the Court. And it was upon this issue that the Court gave judgment for the defendant. This issue is as follows: "Were the said two sums as alleged in the complaint, amounting to $3,037.77, deposited with the said bank, to be held by the said bank, with knowledge that it was a trust fund, for the benefit of the creditors of Hodgin Bros. & Lunn?"

Upon this issue, among other things, the plaintiff requested the Court to charge that if the defendant received these funds from the plaintiff, whom it knew to be the surviving partner of the firm of Hodgin Bros. & Lunn, though they were derived from the assets of the firm, still they were trust funds belonging to the plaintiff, held by him for the benefit of creditors. The Court declined to so charge, but charged the jury that, if the bank received these funds from the plaintiff as the survivor of the firm of Hodgin Bros. & Lunn, said funds belong to the plaintiff as trustee for creditors, and the bank, knowing these facts, would hold them in trust; but as they were derived from the assets of the firm of Hodgin Bros. & Lunn, the bank had the right to apply them to the payment of the indebtedness of Hodgin Bros. & Lunn, unless they had

been placed there by plaintiff, and received by defendant, as a "special deposit;" and that, if the jury find that the $650 debt was made for the benefit of the firm, it (the bank) had the right to apply this fund to the satisfaction of that debt also.

So, after all, the eighth issue and charge of the Court upon that issue may be regarded as the "storm-center" of this case on the rehearing.

The plaintiff Hodgin testified: "I went to Mr. Blair, vice-president of the bank, and asked what was my duty. He said, collect the assets and pay debts in dividends. Again I told Mr. Blair, as the bank was creditors of Hodgin Bros. & Lunn, I wanted to deposit assets with *him* in order that *he* might see that the funds were properly applied." This evidence was not contradicted or disputed, though Mr. Blair was afterwards examined as a witness in behalf of the defendant. And, what is a little singular, the plaintiff contends that this evidence is in his favor, while the defendant contends that it is in its favor. We do not see that it is very material to either side, except that it emphasizes the fact that the defendant received this fund from the plaintiff, knowing that he was making the deposit as the surviving partner of the firm of Hodgin Bros. & Lunn. And this, to our minds, is the turning point in the case.

It was held in the former opinion (124 N. C., 540), that the defendant had no right to apply this fund to the payment of the $650 note of L. L. Lunn, and that there was error in the judgment appealed from, to that extent; and as the petition to rehear alleges no error in that part of the opinion of the Court, it is not necessary to notice this debt further, and we will not do so.

The question then is: Was the judgment of this Court at the former term erroneous as to the other debt due the

defendant by the firm of Hodgin Bros. & Lunn? We are of the opinion that it was.

The learned Judge who tried the case below held that the plaintiff was the legal owner of this fund, and that he held it in trust for the payment of the debts of the dissolved copartnership of Hodgin Bros. & Lunn. This was correct. But he further held that, when he deposited it with the defendant, the defendant then had the right to apply it to the payment of the debt due to it by the dissolved copartnership "unless he placed it there as a *special deposit.*" In this instruction there is error. It seems to us that the learned Judge did not distinguish the difference between a deposit of a special fund, known to be such by the defendant, and a special deposit.

A special deposit can not be checked upon because it does not belong to the bank. It remains the property of the depositor and must be returned in specie, that is, the same thing deposited must be returned to the owner. And, if it is lost or stolen without the negligence of the bank, it is the depositor's loss. But this is not so in cases of a general deposit or in cases of a general deposit of a special fund or of a fund for a special purpose, where the facts are known to the bank. *Bank v. Armstrong,* 15 N. C., 515.

In this case the facts were all known to the defendant bank at the time these deposits were made. It knew that Lunn was dead; that the plaintiff was the only surviving partner of the firm, and that he was making the deposits as the surviving partner. And, knowing these facts, the bank was in law bound to know that the plaintiff was the owner of these deposits and that he held them in trust for the payment of the debts of the dissolved copartnership. *Wisel v. Cobb,* 114 N. C., 22. And, knowing these facts, it had no right to apply them to the payment of a debt, created by the partnership before its disso-

lution. Bates Law of Partnership, sec. 720; Story on Partnership, sec. 348; *Case v. Abell*, 1 Paige 398; *Nelson v. Hayner*, 66 Ill., 487; 17 Am. and Eng. Enc., 1154. It is thus seen that the plaintiff was the owner of these deposits, though he held them in trust for the benefit, first, to pay debts of the partnership, and then for the benefit of the estate of the deceased partner. And it is only where the depositor stands in the same relation to the bank as the debtor, and deposits funds that belong to him and held by him in the same right as the debtor, that the bank has a right to appropriate and apply the deposits to the payment of a debt due to it. There must be a mutuality between the debtor and creditor and between the debt and the fund deposited. If the fund is a trust fund, it can not be applied by the bank to the payment of an individual debt. Morse on Bank and Banking, 334; *Galbraith v. Tacy*, 28 L. R. A., 130, and note; *Uillell v. Gafney*, 3 Cal., 350; *Russell v. McCall*, 121 N. Y., 437; and other authorities might be cited but we do not deem it necessary to do so.

Upon examination we do not think that *Jordan v. Bank*, 74 N. Y., 467, and Morse on Banks and Banking, sec. 325, sustain the defendant's contention that it had the right to make this application; and that, if they are so construed, this construction puts them in conflict with all the other authorities we have consulted.

It was contended for the defendant that the case of *Simpson v. Ingham*, 2 Barron & Cress., 65, is directly in point for the defendant. But upon examination of that case it will be found that it has no application to this case. There, as will appear by examination, two banks in England had dealings with each other, one in London and the other in the country. They were private banks, copartnerships, not corporations, and therefore all the partners were liable. One of the part-

ners of the country bank died, causing a dissolution of the partnership. The other partners continued the business, and continued to deal with the London bank. The new firm drew upon the London bank, and also made deposits in that bank. When the deposits were made by the new bank, the business of which was carried on by the surviving partners of the old bank, the London bank at first entered them to the credit of the account of the old bank, which was largely indebted to the London bank at the dissolution of the old country bank. But before the London bank had furnished the country bank with a statement of its account, it changed the entries on its books, and placed the deposits, made by the new country bank, to its own credit. To this, the parties bound for the liability of the old bank to the London bank objected, and contended that inasmuch as the London bank had at first credited the old bank with these deposits, it could not afterwards change these entries and credit them to the new bank. And this is the question presented and decided in the case of *Simpson v. Ingham.* The Court held that, as the bank had not notified the new bank of this application, it had the right to make the change and apply the deposits of the new bank, which had made them. So, it is plain to be seen that *Simpson v. Ingham* does not in any way present the point involved in this case; nor does the decision in that case bear upon the case now under consideration in the most remote degree.

While it is said, and truly said, that a court does not like to overrule itself, yet it should do so at the earliest moment, when it is manifest that it has been in error. Upon a careful review of the case and the authorities, we are satisfied we fell into error.

There was error in the trial below, as pointed out in this opinion, for which the plaintiff was entitled to a new trial

upon the debt of Hodgin Bros. & Lunn, as well as upon the individual debt of L. L. Lunn.   It is so ordered now.

New trial.

CLARK, J., dissenting.   This is a rehearing of the case decided at the last term, 124 N. C., 540.   Neither a single fact nor a single authority is alleged to have been overlooked. Indeed, no new authority is cited for the rehearing.   The case stands precisely upon the same facts and authorities as upon the former hearing, and the Court has repeatedly said that in such case the petition for rehearing will not be allowed, but will be dismissed.   *Weathers v. Borders,* 124 N. C., 610; *Hudson v. Jordan,* 110 N. C., 250; *Tucker v. Tucker, Ibid,* 333; *Emry v. Railroad,* 105 N. C., 45; *Gay v. Grant, Ibid,* 478; *Watson v. Dodd,* 72 N. C., 240; *Mullen v. Canal Co.,* 115 N. C., 15, and numerous other cases, some of which are cited in *Weathers v. Borders, supra,* at last term.   Not only does this case come within the ruling in *Weathers v. Borders* in that no new fact or authority has been cited, but, on the contrary, there was an important fact and a direct authority overlooked which went to support the decision of the .Court at last term, and which are additional reasons why that decision should be sustained.

The following fact appeared in the record, though it was not deemed necessary to advert to it in the former decision of the case:   "After the death of Lunn, the plaintiff commenced collecting in the debts due the firm, and not knowing what to do with the money, went to the President of the defendant bank," and (among other things) said to him, "The firm is owing you, and I want to deposit the assets with you, that you may see they are properly applied.   Thereupon, the plaintiff made his deposit in the defendant bank, and they were entered as deposits of Hodgin Bros. & Lunn"—the style of

the indebtedness owing to the bank.    This was tantamount to an agreement to deposit the collections by the surviving partner in the bank, so that the bank might have it in its power to apply the same to the indebtedness due to it by the firm. It was certainly calculated to prevent the bank from suing to recover its debt, when the surviving partner promised to collect the assets and place them in the bank so that the bank might see to their application, and made such deposit in the same style—"Hodgin Bros. & Lunn"—in which the indebtedness to the bank stood.

Then there is an express authority, not called to the attention of the Court at last term, which sustains the former opinion of the Court (and no authority whatever is shown to the contrary).    In *Simpson v. Ingham,* 2 Barn. and Cres., 65, it is said :    "Where one of several partners dies, and the partnership is in debt, and the surviving partners continue their dealings with a particular creditor (in that case, as in this, the continuing to deposit in a bank in the name of the old firm), and the latter joins the transactions of the old and new firm in one entire account (as was done here), then the payments made from time to time must be applied to the old debt."    It is further said in the same case that if the deposits had been entered in the pass-book merely in the name of the old firm, and the surviving partner had not objected, the deposits would have been applicable to the old debt, though the surviving partner or the bank, before such deposits were entered, could have elected to place it to the credit of the surviving partners or new firm.    But here the case is still stronger for the bank, since it not only entered the deposits, made by the surviving partner, to the credit of the old firm, but did so at the request of the surviving partner, for the avowed purpose that the bank, which he said the firm was owing, "might see to the application of the deposits."

HODGIN *v.* BANK.

SECOND APPEAL (FORSYTH COUNTY).

The Supreme Court having granted a new trial in this case, partial in effect, at February Term, 1899, (124 N. C., 540), the new trial was had below, and this second appeal by plaintiff comes up. In the meantime, upon a petition to rehear the decision at February Term, 1899, filed by plaintiff, a new trial, out and out, is awarded at the present term; this renders nugatory the trial below, from which this second appeal is taken.

*Messrs. Holton & Alexander,* for appellant.
*Messrs. Glenn & Manly,* and *Jones & Patterson,* for appellee.

FURCHES, J. This Court at the present term has granted a rehearing in this case (in the appeal to February Term, 1899) in which a new trial has been awarded to the plaintiff. This opinion of the Court renders the trial from which this appeal was taken nugatory and of no effect, and makes it unnecessary for us to examine or pass upon the alleged errors in this appeal. The appeal, for the reasons stated, is dismissed.

Appeal dismissed.