IIeNdersoN, Judge.
 

 There was no special replication put in to the Defendant’s pleas of
 
 payment and set off.
 
 It was understood according to our practice, that they were not confessed and avoided, hut denied ; and
 
 *420
 
 under (!iat impression, the party went to trial. When afterwards the Defendant by leave of the Court, added the special replication of (ho statute of limitations to the pjea ()j- set 0j^ j ^() n0(. (.()nc,¡de.r it was by any means an abandonment of the general replication to that plea ; in other words, that the existence of the set off was thereby admitted ; hut that it still remained denied under the general replication, which was presumed to have been entered. It is true, that if there could have been but one replication to the plea of set off, the special replication afterwards entered, must have beeti an abandonment of the then existing general one. But the plea of set off is viewed as an action on the part of the Defendant, authorised in that form, by the statute introducing it, and consequently the Plaintiff’s replication to it, in the nature of a plea ; and therefore the Plaintiff may make the same defences to it by way of replication, as he could were an action brought on it against him. It is therefore no more a waiver of the former replication, than in an action on the set off, the addition of the plea of the statute of limitations would be a waiver of the general issue.
 

 Per Curiam. — Judgment affirmed.