## THE EASTERN BANK *vs.* CAPRON.

In an action brought in the name of an insolvent bank, by receivers appointed under our statute, against the endorser of a note, which was held as part of the assets of such bank, it was held, that bills, of the same bank, could not be set off against the plaintiffs' demand, although a portion of said bills were holden by the defendant, at the time of the failure of such bank, and when the note became due.

THIS was an action of *assumpsit* upon a promissory note, made by Henry C. Peckham, dated November 30, 1852, for the sum of two hundred dollars, payable in four months from its date, to one Robert Davis or order, and endorsed by him to the defendant, and by the defendant to the plaintiffs.

In the superior court, holden at Brooklyn, at the April term, 1853, the parties agreed upon the following statement of facts, and the case was thereupon reserved for the advice of this court.

The Eastern Bank was duly incorporated, and continued in operation, until March 12, 1853, when it failed, and became insolvent, and its assets are insufficient for the payment of the debts of the bill holders.

On the 15th of March, 1853, an injunction was issued, by a judge of the superior court, enjoining the bank from further exercising its corporate powers, and franchises, and receivers were appointed, to close the affairs of the bank, according to the provisions of the statute, in such case provided, who were proceeding in execution of the trust conferred upon them.

The defendant, at the time of the commencement of the suit, was, and for a long time previous thereto, had been, the owner of bills issued by the bank, more than sufficient to pay the note, a portion of which he had, at the time of the failure of the bank, and when the note became due, he offered and tendered to the receivers, so much of the same as was sufficient to pay and satisfy the note, but the receivers refused to receive the same in payment of the note. The note, when it became due, was the property of the bank, but was in the hands of the receivers, as part of the assets of the bank.

*Foster* and *Carpenter*, for the plaintiffs, contended, 1. That the action stands on the same ground as if brought in the name of the receivers. Stat. 1849, p. 195. The plaintiffs are trustees, for the objects specified in the statute, but not even remotely for the bank. After satisfying prior claims, the surplus of the assets in their hands, however great, is to be distributed among the stockholders, but ·nothing, in any event, goes to the bank. The defendant, therefore, must pay this, like any other debt, and not in the notes of the bank.

2. That the decided cases lead to the same result. *Savings Bank* v. *Bates*, 8 Conn. R., 505. *Hallowell and Augusta Bank* v. *Howard*, 13 Mass R., 235. *Wheeler* v. *Raymond*, 5 Cowen R., 231. S. C. in error, 9 Cowen R., 295. *Haxton* v. *Bishop*, 3 Wend. R., 13, and other cases in same volume. *Johnson* v. *Bridge*, 6 Cowen R., 693. *Pitkin* v. *Pitkin*, 8 Conn. R., 325. *Palmer* v. *Green*, 6 Conn. R., 14. *Gee* v. *Bacon*, 9 Ala. R., 699, (6 U. S. Dig., 441.

*Cleveland* and *E. Perkins*, for the defendant, contended, 1. That, as against the plaintiffs on the record, the defendant is entitled, both at law and equity, to the set-off claimed. Rev. St., 74. *Palmer* v. *Green*, 6 Conn. R., 14. *Pitkin* v. *Pitkin*, 8 Conn. R., 325. *Starkey* v. *Peters*, 18 Conn. R., 181. The bills of the bank held by the defendant, are not debts due to him by assignment, but by virtue of their negotiable character, being direct promises to him, as "bearer;" and any suit on them against the bank, must be brought in the name of the defendant.

2. That the defendant is not precluded from making the set-off claimed, by the appointment of receivers. They do not stand in the position of *bona fide* purchasers, but mere "receivers" of the property of the bank, possessing only the "powers and rights" for the collection of debts due the bank, which the bank itself possessed, by virtue of its charter. Rev. St., 195, sec. 248.

3. That the defendant has the right of set-off, by virtue of an express statute, and it can not be taken away from him, by any less power than that which conferred it.

WAITE, J. The Eastern Bank was the holder of a negotiable promissory note, endorsed by the defendant. Before it became due, the bank failed, and a judge of the supreme court of errors, in pursuance of the provisions of the statute concerning communities and corporations, issued an injunction against the bank, and appointed receivers of all its property and effects, for the benefit of its creditors.

After the note became due, the receivers caused the present suit to be instituted, and the question now is, whether the defendant has a right to set off against the note, bills issued by the bank, a portion of which he held, at the time of its failure.

Had the bank endorsed and assigned the note to one of its creditors, in payment of a debt, and the assignee subsequently brought a suit upon it in his own name, the defend-

ant, according to adjudged cases, would have no right to set off, against the note, the bills of the bank. *The Savings Bank of New Haven* v. *Bates*, 8 Conn. R., 505. *Robinson* v. *Lyman*, 10 Conn. R., 30. *Fuller* v. *Topliff*, 10 Conn. R., 60. *Barrough* v. *Moss*, 10 B. & C., 558, (21 E. C. L., 128.)

If the proceedings against the bank, and the transfer of all its effects to the receivers, in pursuance of the statute, have the same effect upon the note in suit, as a *bona fide* endorsement and assignment made by the bank, for value, then it is clear, that the defendant is not entitled to the set-off he claims.

That statute provides, that, if upon complaint made to a judge of the supreme court of errors, in vacation, it shall be found, upon due enquiry, that the charter of any bank has become forfeited, or the public are in danger of being defrauded thereby, such judge may issue an injunction, enjoining the officers and agents of such bank from proceeding in transacting the business thereof, and may appoint receivers of its property. And such receivers are empowered. to receive all evidences of debt, goods, effects and property of the bank, and appropriate the avails,—first, to the payment of the expenses of settling the concern ; secondly, to the payment of the bank notes and bills, in equal proportions ; thirdly, to the payment of the deposits ; fourthly, to the payment of all sums subscribed and paid in by the state or school fund ; fifthly, to the payment of all other liabilities, in equal proportions ; and lastly, the surplus to the stockholders.

Among other powers thus conferred, they are authorized, in the corporate name of the bank, or in their own names, as receivers, to commence and prosecute any suits in law or equity, and generally to do and perform all other acts, necessary and proper, in the execution of their trust. Stat., title 3, chap. 15.

It is obvious, from these provisions, that the great object

of the statute, upon the failure of a bank, is to arrest its proceedings, take from it, all its property, and place it in the hands of trustees, for the benefit of its creditors. These trustees are empowered to institute suits in their own names, as receivers, or in the name of the bank, at their election.

Had the receivers, in the present case, thought proper to bring an action upon the note, in their own names, as they clearly had power to do, it is difficult to see, upon what ground a set-off could be claimed, consistently with the authorities already cited. It is true, the present suit is not brought in their names, but in the name of the bank, and the debts which the defendant claims to set off, are due from the plaintiffs on the record.

But when the legislature conferred upon them this discretionary power, as to the mode of instituting suits, we do not think they intended to confer upon them the power of favoring the debtors of the bank, at their pleasure, nor that they can sue one class of debtors, in their own names, for the purpose of compelling them to pay their debts in specie, and another class in the name of the bank, that they may discharge their debts, by paying them in bills purchased at a large discount. In our opinion, the rights of the debtors remain the same, whatever the form of the action.

Besides, it is apparent that the first and great object of the statute is, as far as possible, to protect the bill-holders, and to place them upon an equality. They are to be paid, before any other creditors, and *in equal proportions*.

Now, if the debtors can pay off their debts, in the dishonored bills of the bank, purchased, perhaps, at a heavy discount, they will be enabled to profit by its failure, and that too, at the expense of its creditors: such a proceeding would operate to destroy that equality among the bill-holders, so manifestly contemplated by the statute. A large portion of the assets might be swept away, by means of such payments, and little or nothing left for such holders as were either unable or unwilling to sell.

It is indeed agreed, in this case, that a portion of the defendant's bills were holden by him, at the time of the failure of the bank. Now, if he can even set off these against his note, the effect will be to impair the equality among the creditors, in a similar manner. He will thereby be able to obtain full satisfaction for them, while other holders can receive no more than a dividend.

These views are in accordance with those expressed in a similar case, by the supreme court of the state of New York. *Haxton & Brace* v. *Bishop*, 3 Wend. R., 13. It was there holden, that the appointment of receivers of a bank, that had failed, constituted them trustees, not for the bank, but for its creditors ; and that, in a suit brought by them in their names, upon a negotiable promissory note, against the maker, which note became payable, after the failure of the bank and the appointment of the receivers, the defendant could not set off, against the note, the bills of the bank.

We are therefore of opinion, that upon, the facts agreed to, by the parties, in the present case, the defendant is not entitled to the set-off which he claims, and that the plaintiffs are entitled to judgment for the full amount of the note.

In this opinion the other judges concurred.

Judgment for the plaintiffs.