Cox, *Receiver*, v. Volkert, *Appellant.*

1. **Partnership** : RECEIVER, POWER OF COURT TO APPOINT : JURISDICTION. The circuit court has original jurisdiction in all matters of

equity, and has inherent power, independent of any statute authorizing it, to appoint a receiver in the settlement of partnership affairs, where there is no statute depriving it of such power.

2.  Receiver, Appointment and Authority of. Where the order appointing a receiver gives him "full power to collect the rents, take care of and preserve the same," he is authorized thereby to collect the rents to become due after the appointment as well as those due at the date of the appointment.

3.  Receiver, Authority of to Sue. Where a receiver brings suit in the court by which he was appointed, and prosecutes the same with its sanction, it is not necessary to produce an express order so to do.

4.  Pleading, Effect of. The fact that defendant may plead the legal effect of an instrument differently from the plaintiff, does not deny its execution.

5.  Receiver, Effect of Appointment: LESSOR AND LESSEE. The appointment of a receiver does not affect the rights of parties to a lease executed by those for whom he acts, and whatever defences, counter-claims, or set-offs, the lessee would have had in a suit by the lessors are available to the lessee, in a suit by the receiver, and the lessee may plead any failure of the lessors to perform their part of the contract.

6.  Contract : CONSTRUCTION OF LEASE. Where, by the terms of a lease, the lessors agree to put in certain new machinery when needed, the necessity for the same to be decided by referees, in case the parties cannot agree, and the lessors refuse to join in selecting referees, the lessee may put in suitable machinery and charge the cost thereof to the lessors, and the latter cannot take advantage of their wrongful act in failing to join in the selection of referees. But the lessee will not be entitled to rental for the new machinery provided by him, nor to an allowance for losses incurred by him by reason of being unable to conduct his business while putting in the new machinery.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Smith & Krauthoff* for appellant.

(1)  The plaintiff had no right to maintain this suit.

(*a*) There was no authority to appoint a receiver in the case of *Huegel v. Wallendorf.* General powers in this respect in equity are limited by the statute. High on Receivers, sec. 23; *Fellows v. Heermans*, 1 Abb. Pr. (N. S.) 1; *Newman v. Hammond*, 46 Ind. 119. Cox was not appointed for the purposes named in sections 3660 and 3661, Revised Statutes. *Gill v. Balis*, 72 Mo. 424.

(*b*) If the order appointing Cox receiver is not void, yet it did not and could not confer upon him the power to maintain this action. He is not the real party in interest, nor an executor or administrator, nor the trustee of an express trust. R. S., secs. 3462, 3463; *State ex rel. v. Gambs*, 68 Mo. 289. The receiver only had authority to sue for debts existing at the time of the appointment. *State ex rel. v. Gambs*, 68 Mo. 289; *Hannah v. Bank*, 67 Mo. 678. The receiver's right to sue must be founded in the statute, if at all. The order of the court appointing him could not enlarge his power beyond that which the law gave him, nor could the consent of parties. *Hannah v. Bank, supra; Freeman v. Winchester*, 18 Miss. 677. Unless authorized by statute a receiver cannot sue; he had no power to sue under the equity practice. *State ex rel. v. Gambs*, 68 Mo. 296, separate opinion of Judge Henry and cases cited; *Justice v. Kirlin*, 17 Ind. 588; *Manlove v. Burger*, 38 Ind. 22; *Freeman v. Winchester*, 18 Miss. 577; *Battle v. Davis*, 66 N. C. 252; *Screven v. Clark*, 48 Ga. 41. (*c*) The right of the plaintiff to sue was an issuable fact. The authority claimed was required to be duly alleged, and having been denied it devolved upon plaintiff to show it. High on Receivers, secs. 208, 231; *White v. Joy*, 3 Kern. 83; *Bangs v. McIntosh*, 23 Barb. 591; *Coope v. Bowles*, 42 Barb. 87; *Screven v. Clark*, 48 Ga. 41. This point does not stand waived. A plaintiff must allege a cause of action in his favor. 13 Mo. 532; 39 Mo. 373; 65 Mo. 105; 35 Mo. 373. And, unless he does so, the petition states no cause of action, and the objection

can be made at any time. 38 Mo. 489 ; 52 Mo. 333 ; 53 Mo. 141 ; 65 Mo. 105 and 528 ; 67 Mo. 289 ; 21 Wis. 678 ; 28 N. Y. 242 ; 39 Ind. 165. The motion to strike out parts of the answer was practically a demurrer. 54 Mo. 400 ; 63 Mo. 19 ; R. S., sec. 3524. It went back to the petition and raised the question of its sufficiency. 57 Mo. 184 ; 10 Peters, 257 ; 14 B. Mon. 544 ; 39 Wis. 345 ; 51 Me. 414. This objection is not one of " legal capacity to sue," but that the plaintiff has no cause of action, nor any interest in the matter sued. 35 Mo. 373 ; 65 Mo. 105 ; 32 N. Y. 397 ; *Catholic Church v. Tobbein*, 82 Mo. 418. (2) The court erred in striking out the portions of defendant's answer in brackets. In actions by receivers "no right of defence shall be impaired." R. S., sec. 428. The rights of the parties are not changed by his appointment. High on Receivers, secs. 204, 205. *Coope v. Bowles*, 42 Barb. 87 ; *Williams v. Babcock*, 25 Barb. 109. The same defences can be made, and with like effect as against the parties themselves. *Bank v. Peck*, 29 Conn. 384 ; *Bell v. Shibley*, 33 Barb. 610. The defendant is entitled to the same off-sets and counter-claims. High on Receivers, secs. 247, 248 ; *Colt v. Brown*, 12 Gray, 233 ; *Berry v. Brett*, 6 Bosw. 627 ; *Van Wagoner v. Gas Light Co.*, 3 Zab. 283 ; *Curtis v. Leavitt*, 15 N. Y. 9, 42, *et seq.* (3) Defendant's answer is not "inconsistent pleading," such as is condemned by law. *Nelson v. Brodhack*, 44 Mo. 596 ; *McAdow v. Ross*, 53 Mo. 199 ; *Rhine v. Montgomery*, 50 Mo. 566 ; *Bell v. Brown*, 22 Cal. 671, 676, *et seq.*

*A. M. Hough* and *Edwards & Davison* for respondent.

There being no instructions preserved in the bill of exceptions, there is no question of law presented or saved in a manner which this court can review, and it will not undertake to weigh the evidence, to determine

whether it justified the finding of the trial court. *Easley v. Elliott*, 43 Mo. 289 ; *Wilson v. Railroad*, 46 Mo. 36 ; *Wielandy v. Lemuel*, 47 Mo. 322. Courts of equity have power to appoint receivers to take charge of partnership affairs. Whether the court had the power or not to appoint a receiver in this case, it undoubtedly had jurisdiction of the subject-matter and parties, and by consent could appoint some one to take charge of the estate, and collect the debts, etc., and this was all that was done in this case, and this appellant, who was a party to the proceeding, consented to the plaintiff's taking charge of, and collecting the rent, and whom he repeatedly recognized as receiver, and cannot now, at this late day, be heard to complain. The order appointing Cox receiver, is a judgment of the court, entered by the consent of all the parties to the suit, including this appellant, and that judgment cannot be attacked in this proceeding. It is well settled in this state that a judgment, regular on its face, cannot be attacked collaterally. *Herndon v. Hawkins*, 65 Mo. 265 ; *Holt County v. Harmon*, 59 Mo. 165 ; *Bailey v. McGinnis*, 57 Mo. 362 ; High on Receivers, sec. 203, p. 134 ; *Vermont & Canada Ry. Co. v. Vermont Central Ry. Co.*, 46 Vt. 792. Submitting to the appointment of a receiver by those who were before the court, and had a right to object, and who could have appealed from the order if dissatisfied with it, but did not, is such an acquiescence in the order as renders it the law of the case, with respect to the right to have a receiver. High on Receivers, sec. 37 ; *Post v. Dorr*, 4 Edw. ch. 412. The authority to appoint a receiver in the case of *Huegel v. Wallendorf* cannot be raised in this proceeding. The regularity of a receiver's appointment, or the competency of the person appointed, cannot be called in question in a collateral proceeding. It is immaterial whether the order of appointment was erroneous or improper ; while it is a

subsisting order the receiver will be sustained in his possession of the property. High on Rec'rs, sec. 203; *Railroad v. Railroad*, 46 Vt. 792. The appointment of a receiver in the settlement of partnership affairs, falls within that class of incidental powers which courts, having jurisdiction over such cases, have full authority to exercise. It is a legitimate exercise of the jurisdiction of a court of equity. High on Rec'rs, sec. 472; *Sayler v. Mockbie*, 9 Iowa, 209; *Gridley v. Conner*, 2 La. An. 87; Story on Partnership, sec. 330. The objection that plaintiff has no right to sue cannot be raised in this court for the first time. It should have been raised by demurrer or answer, and failing to do that it is waived. *Gimbel v. Pignero*, 62 Mo. 240; *Kellogg v. Martin*, Ib. 429; *Rickey v. Tenbroek*, 63 Mo. 563. All those portions of defendant's answer stricken out, were properly stricken out. That embraced in bracket number seven is pleaded conditionally, which is not allowable. *Bank v. Wagner*, 39 Mo. 387; *Robinson v. Price*, 20 Mo. 229.

BLACK, J.—Huegel, Wallendorf, and Blume, were partners in the milling business, and as such partners built the Pacific Mill in Jefferson City. Wallendorf died, and his executrix, and the other partners, leased the mill to defendant, Volkert, for a period of four years from September 1, 1878. Huegel and Blume filed their petition in the circuit court, the object of which was to procure an accounting, sale, and division of the partnership property, in which suit the executrix and devisees of Wallendorf, and the defendant herein, were made defendants. By consent of all the parties in that suit, Cox was appointed receiver. The defendant, the lessee, paid some six hundred dollars on the lease, and the receiver brought this suit to recover a balance of some one thousand and two hundred dollars rents, alleged to be still due on the lease.

1.  It is wholly immaterial whether section 3660, Revised Statutes, conferred upon the circuit court authority to appoint a receiver or not. That court had original jurisdiction in all matters of equity. The power of the court to appoint a receiver in the settlement of partnership affairs, is beyond all question. 1 Story's Equity, sec. 672; Adam's Eq. 517; Collyer on Part. 353. This power is inherent in the court, and not dependent upon any statute. No statute deprives the court of that power; hence it had the authority to make the appointment in this case. Whether the court properly exercised the power, cannot be inquired into in this proceeding. The appointment gave the receiver "full power to collect the rents, take care of and preserve the same." This is sufficient authority to collect the rents to become due after the appointment, as well as to collect those due at the date of the appointment. He brought this suit in the court by which he was appointed and prosecutes the same with its sanction, and that is sufficient without producing any express order so to do.

2.  Much of the amended answer was stricken out on the ground of alleged inconsistency in this, that it both admitted and denied the execution of the lease. This is a misconception of the purpose and scope of the pleading. It expressly admits that defendant made the lease. This admission must be understood to run through the whole defence, and all parts of the answer. Besides, the counter-claims are based upon the provisions of the lease, and thus, again, its execution is conceded. The fact that defendant may plead the legal effect of the lease differently from the plaintiff does not deny the execution of the lease. The appointment of the receiver did not affect the defendant's rights under the lease. 2 Dan. Ch. Pr., 1407, note 2; 2 Barb. Ch. Practice (2. Ed.) 659. Whatever defences, counter-claims, or set-offs, defendant would have had in a suit by the lessors on this lease, are available to the lessee in

a suit by the receiver. The receiver can occupy no better position than those for whom he acts and is appointed. His right to collect the rent is subject to all the conditions of the contract, and to all defences springing therefrom. Hence it follows that any failure on the part of the lessors to. perform their part of the contract may be pleaded by the defendant.

While the lease is no part of. the pleadings, still the bill of exceptions asks the court to consider the lease in determining the sufficiency of the answer, and this we do, as the cause must be remanded for a new trial. By the terms of the lease the defendant agreed to repack the engine, re-build the fire-front to the boiler, put up a new smoke stack, and put in certain designated machinery, at his own expense, and. turn the same over in good repair at the expiration of the lease, and pay sixty dollars per month rents. The lessors agreed to keep the boiler to the engine in good repair, at their expense. Improvements other than those before mentioned, made by the defendant, he has the right to remove. A further stipulation is that, if by reason of any defect in the boiler, the mill should stop running, then the lessee is to pay no rent during such time, and he is to have deducted from the rents all moneys expended in the repair of the boiler. If it becomes necessary to have a new boiler, the same is to be furnished by the lessors, and if the parties disagree as to whether a new boiler is absolutely necessary, or not, the question shall be decided by referees, appointed by the parties in the usual way. From these stipulations it is plain that if the mill stopped running on account of a defective boiler, then, for the time of all such delays the defendant should not be charged with rents, and he should also be allowed for all amounts expended in making repairs upon the boiler. All that portion of the answer setting up these matters should not have been stricken out.

It is also alleged that on the eighteenth of September, 1878, the boiler proved to be wholly defective, and could not be repaired so as to furnish sufficient power to run the mill; that the lessors refused to select any referee to determine the question of the sufficiency of the boiler, and thereupon defendant put in a new boiler and had the same in place by the first of October, 1878, at a cost of $514. If all this be true, in point of fact, the lessee had a right to get a new boiler and charge a reasonable cost thereof to the lessors, and may plead this and should be allowed therefor. In this connection it may be stated that what the boiler inspector of St. Louis said is wholly immaterial as a matter of pleading. His evidence would of course, be competent and relevant on the issues of the condition and fitness of the boiler, but what he said and did have no proper place in the pleading, and this much of the answer might well enough be eliminated, for it presents an immaterial issue. The plain issue here is, was it necessary to have a new boiler in order to furnish power to carry on the business of the mill. If it be shown that the lessors refused to join in the selection of referees, then they cannot avail themselves of a want of determination of the sufficiency and fitness of the old boiler by referees. The proof of the insufficiency of the boiler, and the refusal of the lessors to join in the selection of referees, gives the defendant a right to recover for the cost of the new boiler. If the lessors, by their neglect, prevented the selection of referees, they cannot take advantage of such wrongful act. *Smith v. Railroad*, 36 N. H. 458; *Hotham v. East India Co.*, 1 Term R. 638.

If the defendant undertook to put in a new boiler, he should have put in one reasonably fit for the service. If he did this he would be entitled to reasonable repairs on the new one, for it became the property of the lessors, and he only did what they should have done under the lease. He pleads repairs to the new boiler to the

extent of $781.42.   It· is not easy to see how the new boiler could cost this amount for repairs, if it was reasonably fit for the service.   All these questions, however, can be submitted to the court or jurors, as the case may be tried, upon proper instructions, and the foregoing remarks will be a sufficient guide therefor.   It need scarcely be added that the defendant will not be entitled ·to any rental for the new boiler, and that portion of the answer should be stricken out.

That portion of the answer designated in the record as "bracket 9," viewed in the light of the lease, should also be eliminated.   It seeks to recover the alleged decline of price on six thousand bushels of wheat during the time the new boiler was being put in, when it is alleged, but for the defective boiler, defendant would have manufactured the wheat into flour, and sold the same, and thus saved the loss.   The contract contemplates that the boiler might become wholly useless.   In that event the lessors would have had a reasonable time in which to put in a new one.   Had they done so, the measure of the damages, under the terms of the lease, would have been a reduction of the rents during the time the mill was idle.   Defendant at once put in a boiler, and his measure of damages must be the cost thereof, and reduction of rents.   Had he stood upon the lease, and refused to make the needed additions, we need not say what his measure of damages would have been, for that state of the case is not presented by the record.   The motion to strike out parts of the answer should have been sustained only to the extent before indicated.

The judgment is reversed, and the cause remanded for new trial, in accordance with this opinion, and the pleadings will be made to conform hereto.   The other judges concur.