NEBRASKA MORTGAGE LOAN COMPANY, APPELLEE, V.
J. H. VAN KLOSTER, IMPLEADED WITH GEORGE
F. BLUST & COMPANY, APPELLANTS.

FILED NOVEMBER 20, 1894. NO. 5523.

1. **Estoppel:** PLEADING. An estoppel, to be available as a cause
of action or defense, must be specially pleaded.

2. **Lease:** CANCELLATION OF ASSIGNMENT: SUBROGATION: QUI-
ETING TITLE. Evidence examined, and *held* to sustain the de-
cree appealed from.

APPEAL from the district court of Douglas county.
Heard below before DOANE, J.

A statement of the case appears in the opinion.

*James B. Meikle* and *Lyman O. Perley*, for appellants:

The assignment of the lease to Van Kloster was valid,
and was recognized as such by the corporation and all other
parties who had any connection with the transaction.
(*Singer Mfg. Co. v. Doggett,* 16 Neb., 609; *Tootle v. El-
gutter,* 14 Neb., 158; *Halliday v. Briggs,* 15 Neb., 223;
*Roberts v. Beatty,* 2 Pen. & W. [Pa.], 63; *Dunbar v.
Rawles,* 28 Ind., 225.) Van Kloster, by making payments
on account of the company, became subrogated to its rights
in the premises, at least to the extent of the amount paid.
(*Aldrich v. Cooper,* 2 Lead. Cas. Eq. [Eng.], 230; Pom-
eroy, Equity Jurisprudence, sec. 1211.)

The appellee should not be allowed to deny that Van
Kloster has a good and valid title to the leasehold, and
that the assignment by him to George F. Blust transferred
the title absolutely as security for the note given to the lat-
ter. (*Grant v. Cropsey,* 8 Neb., 205; *Knights v. Wiffen,* 5
L. R., Q. B. [Eng.], 660; *Henry v. Vliet,* 33 Neb., 130;
*Markham v. O'Connor,* 52 Ga., 183.)

*L. D. Holmes, contra:*

Possession of property is notice to all the world not only of the possession itself, but of the right, title, and interest of the possessor. (*Shaw v. Spencer*, 100 Mass., 382; *Uhl v. May*, 5 Neb., 157; *McHugh v. Smiley*, 17 Neb., 630; *Parks v. Jackson*, 11 Wend. [N. Y.], 464.)

If the landlord accepts rent from the assignee, the latter becomes a tenant. (*Heeter v. Eckstein*, 50 How. Pr. [N. Y.], 445; *O'Keefe v. Kennedy*, 3 Cush. [Mass.], 325; *Shattuck v. Lovejoy*, 8 Gray [Mass.], 204; *Indianapolis Manufacturing & Carpenters Union v. Cleveland, C., C. & I. R. Co.*, 45 Ind., 281.)

Estoppel, to be available as a defense in an action, must be specially pleaded. (*McCormick v. Keith*, 8 Neb., 142; *Schribar v. Platt*, 19 Neb., 629; *Norwegian Plow Co. v. Hainer*, 21 Neb., 689.)

Post, J.

This is an appeal from a decree of the district court for Douglas county setting aside and canceling certain assignments of a leasehold interest in a lot or parcel of land in the city of Omaha, and quieting the title of the plaintiff thereto as against the defendants. The facts shown by the record are, in substance, as follows: On the 24th day of June, 1886, Elizabeth Kountz, the owner of said property, leased it to one Frederick Anderson, for the period of twenty years, and the latter thereafter erected the buildings in controversy upon the demised premises. On the 8th day of November, 1889, said Anderson, by a written assignment, transferred to the appellee, the Nebraska Mortgage Loan Company (hereafter called the "Loan Company"), all of his right, title, and interest under and by virtue of said lease for the expressed consideration of $2,500, and procured his brother, Nels Anderson, who appears to have had an interest therein, to execute to appellee

an instrument in the form of a bill of sale, whereby he released and transferred to the latter all of his interest under or by virtue of said lease. Afterward, on the 15th day of the same month, Frederick Anderson executed and delivered to the Loan Company a deed, whereby he conveyed to it all of his estate in the leased property. The conveyances aforesaid were all recorded and the Loan Company, by its agent, took possession on the day first named, and has remained in possession continuously since that date. On the 14th day of November, 1889, J. H. Van Kloster, who was then president of the Loan Company, procured Frederick Anderson to indorse on the lease first mentioned an assignment to himself. The title appears to have remained thereafter undisturbed until the 1st day of May, 1890, when Van Kloster executed an assignment of the lease to George F. Blust as collateral security for his individual pre-existing indebtedness, amounting in the aggregate to $1,840. On the 25th day of June following he executed a note for the amount of his indebtedness to Blust, and at the same time executed a further assignment of his rights under the lease, together with all buildings and improvements on the property in controversy. During all of the time, between November 8, 1889, and August 1, 1890, the stock of the Loan Company was owned by Van Kloster and one Johnson, the former, as we have seen, acting as president, while the latter was secretary and treasurer thereof. It is claimed by the plaintiff company that the assignment of November 14, 1889, was for its benefit, and that the subsequent assignment by Van Kloster to Blust, as security for the individual indebtedness of the former, was a fraud against it. The defendants George F. Blust & Co., who have succeeded to whatever interest was acquired by George F. Blust through the assignment to him, filed a cross-petition, in which they seek to have their rights determined, and for a decree of foreclosure, etc.

1. The first contention on this appeal is that the assign-

ment to Van Kloster was for his individual benefit, and was so recognized and treated by the Loan Company; but the finding of the district court was in favor of the Loan Company on that issue, and is, we think, fully warranted by the evidence, and will not now be disturbed.

2. It is next contended that Van Kloster advanced the consideration paid to Anderson, and that he became thereby subrogated to whatever rights the Loan Company might have acquired by an assignment of the lease. Upon that issue, also, the finding was in favor of the Loan Company, and with the finding we are entirely satisfied. It is clear from the testimony of Van Kloster that in the purchase of the lease he was acting for and in behalf of the Loan Company, and that the claim of personal ownership thereof is an afterthought; and if we assume that he did in fact advance the consideration, a proposition strongly contro-verted by the evidence, it does not follow that he could have asserted title to the lease as against the company, since by his own showing his relation to the latter was that of a trustee. (1 Beach, Private Corporations, 241.)

3. It is urged, finally, that the Loan Company is es-topped to assert title as against Blust by reason of the statements of Van Kloster at the time of the assignment by him, to the effect that it, the company, had no interest in the lease; but the estoppel relied on, even if sufficient in law, is not available in this action, for the reason that it is not pleaded. (See *McCormick v. Keith*, 8 Neb., 142; *Schribar v. Platt*, 19 Neb., 629; *Norwegian Plow Co. v. Hainer*, 21 Neb., 689.) But the rule of estoppel can have no application to the facts of this case. Mr. Smith, the representative of Blust in the transaction which resulted in the assignment, testified as follows: " Well, during the course of the negotiation I remember asking him [Van Kloster] if Johnson had any interest in the lease. He said, ' No, sir; the lease is made out to me, isn't it?' I said, ' Yes, it is.' I just merely asked, that is all. I had

the utmost confidence in what Van Kloster told me. It was *prima facie* evidence to me that it belonged to him if made out in his name." Van Kloster, who was called by the defendants, testified positively that he was not asked if the Loan Company had an interest in the lease. The prior assignment to the Loan Company, it should be remembered, was then of record, and the company, by its tenants, in the undisputed possession of the property in controversy. The defendants were clearly chargeable with notice of the rights of the Loan Company at the time they took the assignment under which they claim. It follows that they cannot claim protection as *bona fide* purchasers. It follows, also, that the decree of the district court is right and must be

AFFIRMED.