GEORGE E. SALLADIN, ASSIGNEE, APPELLANT, v. J. B. MITCHELL ET AL., APPELLEES.

FILED DECEMBER 4, 1894.    No. 4840.

1. **Voluntary Assignments:** LIENS AGAINST ASSIGNOR.    The assignee of an insolvent corporation under an assignment for the benefit of creditors takes the property subject to whatever equities existed against the assignor.

2. **Action to Recover Money Due Insolvent Bank: SET-OFF.** The defendant, in an action by the assignee to recover money due to an insolvent banking corporation, may set off against the amount owing by him to the bank an indebtedness of the latter to him.

3. **Voluntary Assignments: MORTGAGE FORECLOSURE: SET-OFF.** In a proceeding by an assignee to foreclose a mortgage, the property of an insolvent bank, the purchaser from the mortgagor, who is made a defendant therein, may set off against the claim of the assignee an indebtedness due to him from the bank.

4. **Set-Off: CERTIFICATE OF DEPOSIT: INSOLVENT BANKS.** The right of set-off exists in favor of one who has acquired the title to money due from an insolvent bank on a certificate of deposit issued to a third person without a formal assignment by the latter.

APPEAL from the district court of Seward county. Heard below before SMITH, J.

The opinion contains a statement of the case.

*Norval Bros. & Lowley,* for appellant:

A depositor in an insolvent bank, who also owes it for borrowed money, cannot set off his deposit against such debt, although the deposit consists of the borrowed money. (*Hannon v. Williams,* 34 N. J. Eq., 255; *Bunnell v. Collinsville Savings Society,* 38 Conn., 203; *Hillier v. Allegheny Mutual Ins. Co.,* 3 Pa. St., 470; *Lawrence v. Nelson,* 21 N. Y., 158; *Stockton v. Mechanics and Laborers Savings Bank,* 32 N. J. Eq., 163.)

The property and assets of a banking corporation, organized under the laws of this state, after it has ceased to carry on a banking business, are a trust fund for the payments of its debts. (*State v. Commercial State Bank,* 28 Neb., 677; Perry, Trusts, sec. 242; *Upton v. Tribilcock,* 91 U. S., 45; *Goodin v. Cincinnati & Whitewater Canal Co.,* 18 O. St., 182; *Taylor v. Miami Exporting Co.,* 5 O., 165; *Sanger v. Upton,* 91 U. S., 56.)

*Ed. ·P. Smith, contra:*

The assignee succeeds only to the rights of the assignor and is affected by all the equities against the latter. (*Housel v. Cremer*, 13 Neb., 300; *Hade v. McVay*, 31 O. St., 231; Burrell, Assignments, sec. 391; *Chace v. Chapin*, 130 Mass., 128; *Roberts v. Austin*, 26 Ia., 315; *Hodgson v. Barrett*, 33 O. St., 63; *In re Van Allen*, 37 Barb. [N. Y.], 225; *Martin v. Kunzmuller*, 37 N. Y., 396; *New Amsterdam Savings Bank v. Tartter*, 4 Abb. New Cases [N. Y.], 215.)

In an action to foreclose a mortgage any defendant who is personally liable, or whose land is bound for the debt, may introduce a set-off to reduce or extinguish the debt. (Jones, Mortgages, sec. 1496; *National Fire Ins. Co. v. McKay*, 21 N. Y., 191; *Hunt v. Chapman*, 51 N. Y., 555; *Chapman v. Robertson*, 6 Paige Ch. [N. Y.], 627; *Hess v. Final*, 32 Mich., 515.)

POST, J.

This was a foreclosure proceeding in the district court for Seward county by the appellant as assignee for the benefit of the creditors of the Northwestern Banking Company of Milford. The mortgage in controversy was executed by the defendant Mitchell and wife and covered certain lands in Seward county. The defendants filed separate answers, from which it appears that shortly before the failure and assignment of the banking company in the month of January, 1889, Mitchell sold the mortgaged premises to his co-defendant, Borchers, the latter by written agreement undertaking to pay therefor as follows: $1,000 by March 1, 1889, and $100 on or before December 1, 1890, and also to assume and satisfy prior liens thereon to the amount of $900. Borchers, on the 19th day of December, 1888, deposited for Mitchell the sum of $700 with the banking company. The latter paid therefrom certain taxes and

matured interest due from Mitchell in accordance with instructions, amounting in the aggregate to $310.31, and issued a certificate of deposit in his favor for the balance, $389.69. Said amount was still due from the banking company to Mitchell at the time of the assignment, and which he now seeks to have set off against the amount due on the mortgage above described. A few days preceding the assignment of the banking company Borchers deposited therewith the further sum of $257.70 on his own account, taking a certificate of deposit therefor, which he still holds and which he asks to have set off against the claim of the assignee; and on the day last named Edward Borchers, son of the defendant herein, deposited with the banking company the sum of $200, taking a certificate of deposit therefor in his own name, which the defendant now claims to own and which he prays may also be set off against the claim of the assignee. There was a finding for the defendants on all of the issues; and as the amount of the several certificates of deposit exceeded the balance due on the mortgage it was adjudged to be fully paid and satisfied and the petition of the assignee accordingly dismissed, and from which the latter has prosecuted an appeal to this court.

The only controversy presented by the answer of Mitchell is whether he is entitled to have the amount of his credit with the banking company at the date of the assignment applied in satisfaction of his indebtedness to the latter. The question is an important one, and has frequently been suggested in this court, although never before directly presented for decision. The right of set-off has been made the subject of statutory regulations in this state. The language of section 106 of the Civil Code is: "When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counter-claim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment

or death of the other, but the two demands must be deemed compensated so far as they equal each other." It is not clear whether the term "assignment" therein means an ordinary transfer of a claim or cause of action by the party in whose favor it exists, or whether it is used in the sense in which it is employed in proceedings in bankruptcy and insolvency. It appears, however, to have been given the latter interpretation in Ohio (see *Hade v. McVay*, 31 O. St., 231), although we do not rest our conclusion on that ground, but upon the proposition that the right of set-off existed according to well established equitable principles before the adoption of the Code, and that the assignee succeeded to the rights of the insolvent banking company as they existed at the date of the assignment, and no other or greater rights. The authorities bearing upon the proposition are not, it is conceded, altogether harmonious, but the rule as above stated has the support of a decided majority of the courts as well as text-writers, and rests upon the more satisfactory reasons. The following among the many cases in point are cited as sustaining the view above stated : *Hade v. McVay*, *supra; Hodgson v. Barrett*, 33 O. St., 63; *American Bank v. Wall*, 56 Me., 167; *Miller v. Receiver of Franklin Bank*, 1 Paige Ch. [N. Y.], 444; *Chace v. Chapin*, 130 Mass., 130; *Roberts v. Austin*, 26 Ia., 315; *Cook v. Cole*, 55 Ia., 70; *Farmers Deposit Nat. Bank v. Penn Bank*, 123 Pa. St., 283; *Chase v. Petroleum Bank*, 66 Pa. St., 169; *Van Wagoner v. Patterson Gas Light Co.*, 23 N. J. Law, 283; *Clarke v. Hawkins*, 5 R. I., 219; *Cox v. Volkert*, 86 Mo., 505; *McCagg v. Woodman*, 28 Ill., 84; *Chance v. Isaacs*, 5 Paige Ch. [N. Y.], 592; *Smith v. Felton*, 43 N. Y., 419; *Rothschild v. Mack*, 115 N. Y., 1; *Nashville Trust Co. v. Fourth Nat. Bank*, 91 Tenn., 336; *Merwin v. Austin*, 58 Conn., 22; *St. Paul & M. Trust Co. v. Leck*, 58 N. W. Rep. [Minn.], 826; *Schuler v. Israel*, 120 U. S., 506; *Carr v. Hamilton*, 129 U. S., 252; Pomeroy, Remedies, secs. 163, 169; Burrell, Associations, sec.

349; Waterman, Set-Off, pp. 118, 119. The leading cases asserting the opposing view, *Eastern Bank v. Capron*, 22 Conn., 639, and *Haxtun v. Bishop*, 3 Wend. [N. Y.], 13, are obviously in conflict with the more recent opinions of the courts of those states, which are cited above. It follows that Mitchell was entitled to the offset pleaded, and the decree in his favor is right.

2. We come now to a consideration of the questions raised by the answer of Borchers. While there is made no claim to a personal judgment against the defendant named, it will be remembered that he is owner of the land which is the subject of the controversy, and which it is sought by the foreclosure proceeding to sell for the satisfaction of the alleged balance on the mortgage. He was made a defendant for the single purpose of having determined his rights as against the plaintiff; and it is not only his privilege, but his duty as well, to set up whatever equities may exist in his favor against the mortgage. That an offset for money due from the plaintiff is available, and as effective for that purpose as payment or accord and satisfaction, we have no doubt either upon reason or authority. (See *Bathgate v. Haskin*, 59 N. Y., 533; *Hess v. Final*, 32 Mich., 515; *Chapman v. Robertson*, 6 Paige Ch. [N. Y.], 627; Jones, Mortgages, sec. 1496.)

3. The remaining inquiry relates to the certificate of deposit issued to Edward Borchers. According to the testimony of the defendant he borrowed the money represented thereby from the payee, his son, for the purpose of completing his payment for the land in controversy, and executed his note therefor, payable twelve months after date, although the certificate was not indorsed by the payee. The finding on that issue was for the defendant and is not seriously assailed at this time. Under a system like ours, which not only permits but requires every action to be prosecuted in the name of the real party interested, there seems to be no doubt that the right of set-off applies to any claim to which

the party asserting it possesses the beneficial interest. Assuming, as was found by the district court, that Edward Borchers did in fact sell to the defendant his claim against the banking company, there is no doubt that the latter could have maintained an action therefor in his own name. Indeed, leaving out of consideration any exceptional rights which might have existed in favor of the holder by reason of the negotiable character of the paper, the defendant is the necessary party and the only person who could have maintained an action or defense thereon. It follows that the claim under consideration was properly allowed as an offset. We find in the brief of the plaintiff a further contention, which is, in effect, that Borchers is now estopped to claim an offset on account of the $200 certificate of deposit, by reason of having procured his son, in whose favor in was drawn, to present it to the county judge for allowance against the estate of the banking company, and the receipt by the latter of a small dividend paid by the assignee. A sufficient answer to that contention is that no such issue is presented by the pleadings, the reply being a general denial of the allegations of the answer. It is the settled rule in this state that an estoppel, to be available as a cause of action or defense, must be specially pleaded. (*Nebraska Mortgage Loan Co. v. Van Kloster*, 42 Neb., 746, and cases cited.) The decree of the district court is right and is accordingly

AFFIRMED.

NORVAL, C. J., not sitting.