I. C. DAMERON AND R. C. ORMAND v. CARL G. CARPENTER AND C. W. FULLER.

(Filed 2 December, 1925.)

**1. Equity—Subrogation—Mortgages—Purchasers.**

Equity subrogates the purchaser from the mortgagor of lands holding the equity of redemption to the rights of the mortgagor to clear the title, by payment of the mortgage debt and to procure the legal estate to the mortgaged premises.

**2. Same—Courts—Jurisdiction.**

Under our statutory procedure, wherein law and equity are administered in the same tribunal, there is no distinction between legal and equitable set offs where these principles are enforcible.

**3. Equity—Set-Offs.**

A set-off is in the nature of a payment or credit when there are mutual debts existing between the parties.

**4. Same—Mortgages.**

In the case of set-offs, the payment of a debt thereby applies equally to a debt secured by mortgage and to unsecured debts in proper instances.

**5. Same—Title—Actions—Suits.**

The plaintiff was the purchaser of lands subject to mortgage, and also the owner of an unsecured note of the mortgagor, who after the plaintiff had demanded his right to set off, transferred the note for value after maturity and the plaintiff sought to enjoin the foreclosure sale of the mortgaged premises: *Held*, the defendant was a purchaser of the mortgage note with notice after demand, and the plaintiff was entitled to the set-off and thus to clear the title to the *locus in quo.*

**6. Appeal and Error—Record—Courts—Findings of Fact.**

Where the court in finding certain facts in the case on appeal makes such findings as are clearly contradictory to the judgment set out in the record, the findings will be disregarded, and the Supreme Court will construe the record to ascertain the actual facts when such clearly appear therefrom.

APPEAL by plaintiffs from GASTON Superior Court. *Stack, J.,* and *Winston, Special J.*

Consolidated action to restrain a sale under mortgage and to cancel mortgage indebtedness. From a judgment declining to continue the restraining order to the final hearing the plantiffs appeal. Error.

Two actions were instituted, one *"I. C. Dameron and R. C. Ormand v. Carl G. Carpenter"* to restrain a sale of certain lands in Bessemer City, under mortgage executed by Lizzie McLean and Lee McLean to C. W. Fuller, dated 23 October, 1922, which are owned by plaintiffs by virtue of a purchase, subject to such mortgage. The other: *"I. C. Dameron and R. C. Ormand v. C. W. Fuller"* was for the purpose of applying a debt due to plaintiffs by C. W. Fuller on an unsecured note as a payment of the mortgage note. The consolidation was either at or before December Term, 1924. At this term certain proceedings were had before his Honor, A. M. Stack, J., as are shown in the judgment of Winston, J., at June Special Term, 1925, as follows:

"The above entitled causes came on to be heard at the December Term, 1924, of Gaston County Superior Court, before his Honor, A. M. Stack, judge presiding, and said causes having been consolidated, the following facts were found by the court, by consent of the several parties:

"1. That the defendant, C. W. Fuller, is indebted to the plaintiffs, on a promissory note under seal, dated 15 August, 1916, in the principal sum of $734.40 with interest on said sum to date.

"2. That the defendant, Carl G. Carpenter, is the owner of a certain note and mortgage deed executed by Lizzie McLean and Lee McLean, her husband, to defendant, C. W. Fuller, under date of 23 October, 1922, and due and payable 23 October, 1923.

"3. That defendant, C. W. Fuller, assigned said note and mortgage to defendant, Carl G. Carpenter, in writing, under date of 28 June, 1924.

"4. That the plaintiffs, I. C. Dameron and R. C. Ormand are the owners in fee of the lands described in said mortgage deed, subject to the encumbrance existing by virtue of said mortgage deed.

"Under the facts found as above, it is agreed by counsel that the judgment was announced as follows:

"It is ordered and adjudged that the plaintiffs do have and recover from the defendant C. W. Fuller, the sum of $734.40, with interest thereon from 15 August, 1916, together with the costs of the action first entitled above: It is further ordered and adjudged that the order heretofore issued, restraining the defendant, Carl G. Carpenter, from advertising and selling the lands described in said mortgage deed, be vacated and the plaintiffs taxed with the costs of the second action above entitled.

"Plaintiffs excepted to the judgment of the court and gave notice of appeal to the Supreme Court. Appeal bond was fixed at $50.00, and supersedeas bond fixed at $500.

"It appearing to the court by admission of counsel for all the parties in said actions, that the proceedings as above stated were had and judgment announced as above recited, but that said judgment, if signed, was misplaced and cannot be found, and that the record of the clerk for said December Term, 1924, does not show the proceedings in relation to said actions:

"It is now, by consent of counsel for the parties in said actions, ordered and adjudged that the judgment, as above recited, be entered, reserving to the plaintiffs the right to perfect their appeal to the Supreme Court for hearing at the next term of said Court, but not later."

From the judgment of Stack, J., as thus established the plaintiffs appealed.

*Whitney & Kiser and George W. Wilson for plaintiffs.*
*S. J. Durham for defendants.*

VARSER, J. In addition to the facts in this judgment it appears from the affidavit and complaint of the plaintiffs and the answer thereto by defendants, Carpenter and Fuller, that Carpenter does not deny, and Fuller admits, that 28 June, 1924, and prior to his assignment of the McLean mortgage to Carpenter, that plaintiffs offered to pay the mortgage indebtedness to Fuller by offering to credit on the Fuller note held by plaintiffs the amount of the McLean note, and Fuller refused to accept this obligation in payment. The alleged reason for such refusal is that the McLean note was in fact the property of a bank.

For the purpose of discharging the lands described in the mortgage, now owned by plaintiffs, upon these facts, the plaintiffs are entitled to have the McLean note and mortgage canceled. There is a mutuality of indebtedness *quoad* the land mortgaged. The plaintiffs, purchasers, are entitled to all the rights, titles and equities of their grantor, McLean, including the right to pay off the indebtedness according to the terms of the mortgage, and thereby clear their title. *Baker v. Bishop Hill Colony,* 45 Ill., 264; *Schoffner v. Fogleman,* 60 N. C., 564. Equity subrogates the purchaser of the equity redemption to the rights of the mortgagor to clear the title and procure the legal estate only as to the mortgaged premises, and no further. This is sufficient to permit him to set off debts due him by the mortgagee against the mortgage debt. *Harrison v. Bray,* 92 N. C., 488. There is no practical pertinency in the distinction between legal and equitable set-offs in the case at bar, since

both law and equity are administered in the same Court. *Shoffner v. Fogleman, supra.*

A set-off is in the nature of a payment or credit when the debts are mutual. *Battle v. Thompson,* 65 N. C., 406; *Lindsay v. King,* 23 N. C., 401; *Worth v. Fentress,* 12 N. C., 419. Set-off exists in mutual debts, independent of the statute of set-off. Its flexible character is used in equity to prevent injustice. *Bank v. Armstrong,* 15 N. C., 519; *Jones v. Gilreath,* 28 N. C., 339; *Walton v. McKesson,* 64 N. C., 154; *Hodgin v. Bank,* 124 N. C., 542; *Hodgin v. Bank,* 125 N. C., 508; *Fertilizer Co. v. Lane,* 173 N. C., 184; *Moore v. Trust Co.,* 178 N. C., 128.

In *Cavendish v. Geaves,* 24 Beav., 163, 53 English Rep., 319, *Sir John Romilly* sets out the doctrine of set-off in assignable choses in action, with always the requirement of notice to the debtor in the chose assigned so as to complete the right of set-off. That exists in the case at bar. The assignment to Carpenter followed on the heels of the demand by plaintiffs to set off and cancel the McLean note. Carpenter knew nothing of this demand, and had no actual knowledge of plaintiffs' equity, but he took, *after* the demand, a *past*-due note, and, therefore, his taking is subject to all the equities in favor of plaintiffs.

The fact that the Fuller-McLean note is secured, makes no difference. When the debt is paid the security fails. The security lives no longer than the debt which gives it life. *Poston v. Rose,* 87 N. C., 279; *Lumber Co. v. McPherson,* 133 N. C., 290; *Stephens v. Turlington,* 186 N. C., 191; *Porter v. Millett,* 9 Mass., 101.

The record contains what purports to be a verdict in the case of *Dameron and Ormand v. Fuller,* finding that the defendant is indebted to the plaintiffs in the sum of $734.40 with interest from 15 August, 1917, and that the plaintiffs did not have the right to pay off the mortgage on these lots by crediting same on the Fuller unsecured note, and that the assignee of the McLean note acquired title to the mortgage and note under the assignment 28 June, 1924. This verdict is recited to be in the one case against Fuller, while the judgment appealed from is in the consolidated cause. We cannot reconcile the verdict with the findings by consent in the judgment rendered by Stack, J. Evidently the parties superseded the findings of the jury in the one case with the consolidation and the findings of facts by Stack, J.

The record is not satisfactory, and we have interpreted the record in the only way appearing to us.

In vacating the injunction against a sale under the McLean mortgage and in a denial of plaintiffs' right to credit the McLean note on the Fuller note and thereby pay off the same there was