## BANK OF LEIPSIC CO v
## KREINBRINK et

Ohio Appeals, 3rd Dist, Putnam Co

No 287.   Decided Jan 23, 1935

Albert H. Straman, Ottawa, for plaintiff in error.

Unverferth & Unverferth, Ottawa, for defendants in error.

## OPINION

By GUERNSEY, J.

1. Although the petition did not allege knowledge on the part of the bank of the assumption by the Kreinbrinks of the mortgage indebtedness, or any agreement on the part of the bank to allow the amount owing on such certificates of deposit as an off-set to the mortgage indebtedness, a majority of this court are of the opinion that the right of set-off, for the reasons hereinafter mentioned, operated as a matter of law and did not require the consent or agreement of the bank, and this court is unanimously of the opinion that irrespective of whether the petition stated a cause of action for set-off, it did state a cause of action for quieting title and consequently it was not error for the court to refuse to sustain said objection.

2. The only reported case by the courts of this state which we can find specifically relating to the right of a person assuming the payment of mortgage indebtedness held by a bank prior to the taking possession of the property and assets of such bank by the superintendent of banks for the purpose of liquidation, to set off amounts owing him on deposits in such bank against such mortgage indebtedness, is the case of Dellinger v Fulton et, No. 129519 in the Common Pleas Court of Lucas County, the decision in which is incorporated in the opinion in the case of **Smith et v Fulton et, 31 Nisi Prius (N.S.) 49,** in which it was held without discussion of the principles involved, that such person was entitled to set off such deposits against such mortgage indebtedness.

In the reported decisions of courts of

other states on this question, we have found but two cases in point, the first one being the case of Dameron et v Carpenter et, 190 North Carolina, 595, decided December 2, 1925, 130 SE 328, and the second one being the case of Salladin v Mitchell et, Supreme Court of Nebraska, December 4, 1894, 61 NW page 127. In the first mentioned case it was held that:

"Purchaser of equity of redemption is entitled to set off debt due him from mortgagee on an unsecured note against mortgage indebtedness; there being mutuality of indebtedness quoad the land, and equity subrogating such purchaser to rights of the mortgagor to clear his title."

In the opinion in this case it is stated that:

"There is a mutuality of indebtedness quoad the land mortgaged. The plaintiffs purchasers are entitled to all the rights, titles, and equities of their grantors, including the right to pay off the indebtedness according to the terms of the mortgage, and thereby clear their title."

The second case above mentioned sustains the right to set-off under circumstances similar to these in the instant case.

A majority of the court, following these authorities, hold that the Kreinbrinks as assumers of the mortgage indebtedness were entitled by operation of law, without the consent or agreement of the Bank, to have the amount owing them on their deposits set off against said mortgage indebtedness, and the court is unanimously of the opinion that in view of the evidence tending to prove that the officials of the bank had agreed to the application of the deposits to the payment of the mortgage indebtedness and tending to show performance of the terms of said agreement on the part of the Kreinbrinks, which was admitted without objection, that the Kreinbrinks had such right of set-off by reason of said agreement irrespective of whether such right was conferred on them by operation of law.

3. Under the great weight of authority the right of set-off becomes fixed at the time the bank is taken possession of by the superintendent of banks for the purpose of liquidation and applies irrespective of whether the deposit in the bank is due or whether the mortgage indebtedness is due. **Armstrong, Receiver v Warner et, 49 Oh St 376.** First National Bank v Consolidated School District, 184 Minnesota 641,

230 NW 662. 25 A.L.R. 949. **Armstrong, Receiver v Law et, 11 Ohio Decisions, Reprint, 461.** Scott et v Armstrong, 13 Supreme Court Reporter 148.

4. As the right of set-off became fixed at the time the superintendent of banks took possession of the bank for the purpose of liquidation, the Kreinbrinks could not be deprived of such right unless they subsequently conducted themselves in such manner as to mislead the bank and that the bank in reliance thereon had changed its position for the worse. In this case the only act of the Kreinbrinks which it is contended estopped them from asserting their right of set-off, is the fact that they filed proofs of their claims with the bank. The filing of these proofs did not in themselves in any way mislead the bank, and there is no evidence tending to show any change of position on the part of the bank in reliance thereon. This being the case, the Kreinbrinks are not estopped by reason of filing proofs of claim, from asserting their right of set-off.

5. Equity looks upon that as done which should have been done, and as the right of set-off was fixed at the time the superintendent of banks took possession of the bank for liquidation, such right operated immediately in the eyes of equity, to set off the indebtedness on deposits against the mortgage indebtedness and the Kreinbrinks, within the meaning of §710-89a, GC, were depositors in the bank only to the extent that their deposit might exceed the amount of the mortgage indebtedness assumed by them. As the deposits were less than the mortgage indebtedness and were cancelled through set-off at the time the superintendent of banks took possession of said bank for liquidation, the Kreinbrinks were not depositors of said bank within the meaning of said section at the time said order for the resumption of business was made, and not being depositors were not precluded by the terms of said order from their right of set-off.

6. Although the bank pledged the note and mortgage as security for the deposit of public funds of the trustees of Liberty Township, it did not part with the title to said note and mortgage and such pledge did not bar the right of set-off. However, as the trustees are entitled to hold said note and mortgage as collateral security for such deposits, the decree directing such set-off should be made subject to the right of said trustee to hold said note and mortgage as collateral security.

Holding these views, the judgment of the lower court will be modified so as to provide that such set-off and the cancellation of said note and the cancellation of said mortgage shall be subject to the rights of said trustees to hold the same in pledge for such deposit, and, as modified, the judgment will be affirmed at costs of plaintiff in error.

KLINGER, J, concurs.

CROW, PJ, concurs in the judgment because the evidence was amply sufficient to justify the court below in the presumed finding that The Bank of Leipsic Company agreed to accept the certificates of deposit in part payment of the mortgage indebtedness, pursuant to the contract of sale, and therefore it is unnecessary to decide whether in Ohio, set-off would result if there was no such agreement, it being settled in this state that a contract of assumption and to pay, such as the evidence tends to prove in this case, is revocable by the parties making it until the holder of the indebtedness has accepted, adopted, or acted on the faith of, the contract of assumption and payment. **117 Oh St 127.**

The doctrine of that case is that an assumption of and agreement to pay, mortgage indebtedness by a purchaser of land covered by the mortgage goes no further, so far as concerns the persons so agreeing and the one holding the mortgage indebtedness, than to confer on the latter a right to elect to take advantage of the agreement. Such right is but a result of the agreement, and it is also the settled law in Ohio that the holder of a promissory note secured by mortgage may ignore the mortgage security and enforce collection of the note personally from the maker regardless of a contract between the maker and one who has agreed to pay the note.

Without definitely holding that in this case the doctrine of set-off would not apply but for the presumed finding that The Bank of Leipsic Company agreed to the contract of assumption and payment, it is in my opinion extremely doubtful whether the doctrine could be applied, which in effect would be to compel The Bank of Leipsic Company without in any manner connecting it with the transaction between the Kellys and the Kreinbrinks, to accept the Kreinbrinks as its debtors on the promissory note of which the Kellys were makers, in place of the Kellys themselves, and thus cut off the right of The Bank of Leipsic

Company to recover personally from the Kellys who may not have had any claim against The Bank of Leipsic Company, the record being silent on that point.