Matthias, J.
 

 There is no conflict here upon the proposition that, where a purchaser of mortgaged lands assumes and agrees to pay the mortgage, such liability inures to the benefit of the mortgagee and may be enforced by him. This general rule is recognized in practically all jurisdictions. Although frequently so stated, it is erroneous to say that such contract is made for the benefit of the mortgagee; it is made wholly for the benefit of the parties to it, as so clearly stated by Spear, J., in the opinion in
 
 Denison University
 
 v.
 
 Manning,
 
 65 Ohio St., 138, 61 N. E., 706. The mortgagee may elect to take advantage of it, but until he has done so, or taken some action in regard thereto and because thereof, may the parties in good faith cancel such contract and annul the obligation thereon? The authorities are numerous and persuasive which hold that such contract may
 
 *132
 
 be rescinded and the grantee released at any time before the mortgagee has accepted the agreement, or asserted his rights thereunder. The general rule applicable is stated in 41 Corpus Juris, p. 749, as follows:
 

 “The assumption contract may be rescinded, or the grantee released therefrom by the mortgagor, so long as the mortgagee has done nothing to show his adoption of the contract or his acceptance of the grantee as the principal debtor. After the mortgagee has accepted or adopted the contract, or acted on the faith of it, the rule followed in the great majority of states is that it is not in the power of the parties, as against the rights of the mortgagee, and in the absence of his consent thereto, to change or annul it. An acceptance of, or acting upon, the assumption agreement by the mortgagee, precluding its rescission by the parties thereto, is evidenced by the bringing of an action on the agreement by the mortgagee, but not by his acceptance of a payment of interest on the mortgage by the grantee.”
 

 Cases supporting the text are there cited, and many cases wherein the question has been considered and decided by the courts of last resort of various states are collected and annotated in 21 A. L. R., 462.
 

 The question here presented was before this court in the case of
 
 Brewer
 
 v.
 
 Maurer,
 
 38 Ohio St., 543, 43 Am. Rep., 436. The issue in that case was made by demurrer to the answer of the defendants who had assumed and agreed to pay the mortgage. Their answer contained a defense that after a deed containing said covenant was executed and
 
 *133
 
 delivered, the grantor therein, for a good and valuable consideration, had released and discharged the defendants of and from any and all liability to him on account of said covenant, and that thereby the defendants were wholly discharged and released therefrom. In that case the mortgage had been executed in 1872 to one Braundel, who was the plaintiff in the foreclosure proceeding. The deed containing the covenant in question was executed more than two years subsequently. On the issue thus clearly presented this court held:
 

 “In such an action by the mortgagee it is a good defense to show that before the plaintiff has assented to or acted on the promise made in his favor, the agreement has been rescinded.”
 

 In concluding the opinion it is stated, page 554 (43 Am. Hep., 436), that the “contract for the benefit of the mortgagee was one which he could avail himself of or not, at his election, but until he had done some act which fixed his right, it was competent for the parties thereto, in good faith, and for a valuable consideration, to rescind or cancel it.”
 

 The rule here announced is particularly applicable to the claim of the Community Discount & Mortgage Company, for it is disclosed by the record that Joseph had been released from his obligation with reference to said mortgage indebtedness a month prior to the acquirement of said mortgage by that company. Hence it clearly appears that the mortgage company did not and could not have done any act which fixed its right prior to the rescission and cancellation of the contract entered into by the grantor and his grantee.
 

 
 *134
 
 The mortgage held by the People’s Bank was assigned to it upon the same day it was executed, February 14, 1922, and the deed wherein Joseph assumed the mortgage was executed the same day, but it was not filed for record until the 16th, and there is no averment or proof that the bank even had knowledge of the execution of that deed, and consequently it could not be concluded that its action in taking said mortgage was induced or influenced by such covenant. If the Community Discount
 
 &
 
 Mortgage Company has the same right as Hart, from whom the mortgage was transferred, it having been executed the same day, the rights of the holders of the two mortgages are the same as against Joseph. In either event, the same principle applies to both mortgage holders. Under the holding of this court in the
 
 Brewer case, supra,
 
 the answer of the defendant Joseph, setting up his release from said obligation, was a complete defense, and if it were claimed by the holders of said mortgages that relying upon such covenant of assumption by the grantee they had placed themselves in a position from which they could retreat without loss if the agreement were not performed, and consequently the defendant Joseph was estopped from asserting the rescission of such contract, it was incumbent' upon the holders of such mortgages to set up such estoppel by reply and support the same by proof.
 
 Crowell
 
 v.
 
 Currier,
 
 27 N. J. Eq., 152;
 
 Willard
 
 v.
 
 Worsham, 76
 
 Va., 392.
 

 The burden of proving the negative was not cast upon or assumed by the defendant Joseph by reason of his having pleaded further by way of answer than was necessary to set up a complete
 
 *135
 
 defense, under the rule laid down in
 
 Brewer
 
 v.
 
 Maurer, supra,
 
 and in the absence of any evidence tending to show that the assumption of said mortgages had been accepted or adopted by the holders thereof, or that they had acted on the faith thereof prior to such rescission, or any evidence whatever indicating that the position of the holders of said mortgages, or either of them, had been altered by reason of relying in good faith on such contract of assumption, a judgment against Joseph would have been unauthorized.
 
 Kroll
 
 v.
 
 Close, Adm’r.,
 
 82 Ohio St., 190, 92 N. E., 29, 28 L. R. A., (N. S.), 571.
 

 It jj.as been suggested that upholding the right of rescission of such covenant of assumption of mortgage indebtedness may open the door for fraud, in that a responsible grantee may readily secure immunity from personal liability to a mortgagee when it is anticipated that the mortgaged premises, by reason of depreciation or otherwise, will not pay the indebtedness. That situation is not presented here, but it may not be amiss to call attention to cases cited in 21 A. L. R., 465, where it has been held that such transactions are violative of the statute of fraud and void as being in fraud of creditors.
 

 Judgment affirmed.
 

 Day, Allen, Kinkade, Robinson and Jones, JJ., concur.