### GREEN, etc., v. SHEPHERD et

Ohio Appeals, 9th Dist., Summit Co.
No. 1685. Decided Feb. 12, 1930

Herberich, Weick & Powers, and Raymond S. Powers, all of Akron, for Plaintiff in error and Defendant in Error The Herberich-Hall-Harter Co.

Grant, Thomas & Buckingham, Akron, for Defendants in Error Delbert E. Shepherd and Graynel Sheperd.

WASHBURN, J.

There are respectable authorities holding that he cannot do so, but we think the greater weight of authority and the better reasoning sustains the proposition that he may do so.

It surely is well established in Ohio that "where A. makes a promise directly to B., for the benefit of C., upon a consideration moving alone from B., C., being the party beneficially interested, may treat the promise as though made to himself and may maintain an action at law upon it in his own name against A., the promisor."

Pomeroy's Equity Jurisprudence (4th ed.), Vol. 3, Sec. 1207.

Crumbaugh v. Kruger, 3 O.S. 544, at p. 549.

Emmitt v. Brophy, 42 O.S. 82.

Society of Friends v. Haines, 47 O.S. 423.

Poe v. Dixon, 60 O.S. 124.

Southward v. Jamison, 66 O.S. 290.

Discount & Mtge. Co. v. Joseph, 117 O.S. 127.

In such case the express contract creates an obligation due from A. to B. which the parties agree shall be discharged by A.'s paying C.; and there being a valuable consideration for the promise of A., its enforcement should not depend upon whether B. is obligated to C.

Cockerell v. Poe, 171 Pac. 522, and cases therein cited.

We think that such in effect was the holding of the Supreme Court of Ohio in Brewer v. Maurer, 38 O.S. 43.

In the instant case S. agreed to pay for the property conveyed to him by paying the mortgage thereon, and the conveyance of the property to him constituted a valuable consideration for his express promise to pay said mortgage; and applying the principles announced in Brewer v. Maurer, supra, we think that the trial court was in error in sustaining objections to certain evidence which it is unnecessary to detail, and in rendering judgment against said mortgagee, and that therefore said judgment should be reversed.

Our attention has been called to a decision of the Court of Appeals of the Eighth District, Keehl v. Roberts, 32 App. 327, and as we have reached a different conclusion than that reached by said Court of Appeals, the cause will be certified to the Supreme Court for final determination.

FUNK, P.J., and PARDEE, J., concur.