## LEA v AKRON WOOD PRODUCTS CO

Ohio Appeals, 9th Dist, Summit Co
No 1812. Decided Jan 13, 1931

Parsons & Meyer, Cleveland, and Kryder, Rogers & Bailey, Akron, for Lea.

Naef & McIntosh, Akron, for Wood Products Co.

Green v. Shepherd, et al., 8 Abs. 458.

After reaching the above conclusions up-on the merits, we find, in looking over the transcript of the docket and journal entries, that the judgment in the trial court was entered on Dec. 24, 1929; the motion for a new trial was filed on Dec. 26, 1929, but was not overruled until Jan. 25, 1930. The petition in error was filed in this court on March 21, 1930, or more than 70 days after the entry of the judgment on Dec. 24, 1929. It is therefore apparent that this court does not have jurisdiction to entertain this proceeding.

On the question of jurisdiction, there being no jury trial, the time within which a petition in error could be properly filed began to run from the date of the entry of the judgment, to wit, Dec. 24, 1929, and not from the date of the entry overruling the motion for a new trial. Some of the authorities supporting this proposition are the following, to wit:

Price v. Hathaway, 16 C. C. (N. S.) 559, affirmed without opinion, 79 Oh St 478.

Young v. Shallenberger, 53 Oh St 291.

Dowty v. People, 58 Oh St 395.

Craig v. Welply, 104 Oh St 312.

Wells v. Wells, 105 Oh St 471.

Duncan v. State, ex rel., 119 Oh St 453.

A journal entry may be drawn dismissing the petition in error for lack of jurisdiction, instead of affirming the judgment.

Funk, PJ, and Washburn, J, concur.

PARDEE, J.

The plaintiff in error argues two points in this court: first, that there is a misjoinder of causes of action and of parties; but with this contention we disagree, as the petition shows that Lea made a substantial payment upon the debt which it is alleged he assumed and that the payment was accepted by said creditor, which clearly established a privity of interest as to the common debt which was the basis of the action, and determined the case as one under the civil code which permits joinders such as this to be made.

As to the second claim made by the plaintiff in error we also disagree, as it has been held by the Supreme Court and this court that a promisor is liable for a debt which he assumes and agrees to pay, although the promisee who induced him to make the promise to pay the debt is not liable for said debt.

Brewer v. Maurer, 38 Oh St 543.