**FULTON AND McALLISTER, LIMITED, Plaintiff-Appellee, v. SCHNEIDER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4444. Decided September 21, 1950.

Griffith & Griffith, Columbus, for plaintiff-appellee.
Albert E. Savoy, Lancaster, for defendant-appellant.

## OPINION

By THE COURT.

Briefly stated, the record discloses that the plaintiff is a real estate broker; that it secured a lease on certain real property for this defendant and her co-owners; that the lease contained a provision that if the lessors sold the premises to the lessee within a specified time they would pay the plaintiff its regular brokerage fee of 5 per cent on the sale price. Within the specified time the lessee purchased the property from the lessors and this action is to recover from the defendant her portion of the brokerage fee due under the terms of the lease. The defendant in attempting to show that the provision in the lease for the benefit of the plaintiff was rescinded, offered evidence to show that a partition suit had

234

been filed and later withdrawn, but the court rejected this evidence as being immaterial to the issues. The court did not err in its ruling, for such a contract may not be abrogated by only one of the parties. It must be by mutual consent, and when done the obligation to the third party is released if done before he has accepted the agreement or asserted his rights thereunder. **Discount & Mortgage Co. v. Joseph, 117 Oh St 132; Brewer v. Maurer, 38 Oh St 543.** The contract is one which may be enforced by the plaintiff. **9 O. Jur. 446, Sec. 220; Emmitt v. Brophy, 42 Oh St 82; The Mabley & Carew Co. v. Borden, 129 Oh St 375; Rhorbacker v. Building Association Co., 138 Oh St 273; In re Estate of DiSanto, 142 Oh St 223; 12 Am. Jur. 825, Sec. 277.**

We find no prejudicial error in the admission or rejection of evidence, and that the judgment is in full accordance with the law and the evidence. Finding no error in the record, the judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.