This is an appeal from the judgment of the Toledo Municipal Court granting the summary judgment motion filed by appellee, Zyndorf/Serchuk, Inc. ("Zyndorf"), and denying the motion for summary judgment filed by appellant, Jack Sparagowski D/B/A Sparagowski Associates ("Sparagowski"). For the following reasons, we affirm the decision of the trial court.
This matter arose as a result of an amended lease entered into between Sparagowski and ProMedica Physician Support, Inc. ("ProMedica"), concerning property located at 5855 Monroe Street. Originally, ProMedica leased space, on February 20, 1995, from Christoffers Associates, Inc. ("Christoffers"). Included in the terms and conditions of this original lease was Section 24.07 which provided that Zyndorf would receive a broker's commission as a result of this lease and that Zyndorf would receive an additional broker's commission if ProMedica exercised its option to occupy any additional space in the building:
 "SECTION 24.07. BROKER'S COMMISSION. Landlord and Tenant agree that no brokerage commission or similar compensation is due in connection with this transaction except for the commission due to Zyndorf/Serchuk, Incorporated and Michael Realty Company, which shall be paid by Landlord. Landlord and Tenant hereby indemnify and agree to hold each other harmless against any loss, claim, expense or liability with respect to any other commissions or brokerage fees claimed on account of the execution and/or renewal of this Lease due to any action of the indemnifying party. If the Tenant exercises its option to extend its lease and/or occupy additional space, the Landlord agrees to pay a fee of five percent (5%) of the option to extend or lease amount for additional space to Zyndorf/Serchuk, Incorporated. This fee shall be split 50%-50% between Zyndorf/Serchuk, Incorporated and Michael Realty. Said commission shall be earned and payable at the time the extended term commences or the additional space is occupied." (Emphasis added.)
Subsequently, Christoffers sold the building to Sparagowski. On November 27, 1996, Christoffers and Sparagowski entered into as "Assignment of Leases" agreement wherein Sparagowski agreed to perform all of Christoffers' obligations under the original lease:
 "KNOW ALL MEN BY THESE PRESENTS that Christoffers and Associates, an Ohio General Partnership, (`Assignor'), for full consideration paid by The Sparagowski Building, Ltd. (`Assignee'), the receipt of which is hereby acknowledged, does hereby bargain, grant, sell, assign, transfer, convey, and deliver unto Assignee all of Assignor's right, title, and interest in and to the leases, which are listed on Schedule 1 hereto and which exist in connection with the property located at 5855 Monroe Street, Sylvania, Ohio as of the above-noted date. * * *
 "Assignee hereby assumes and agrees to perform and observe all of the undertakings, obligations and covenants to be performed or observed from and after the date hereof by the Assignor under the leases, contracts, and agreements assigned hereby and agrees to indemnify Assignor from and against any and all liability arising from Assignee's non-performance thereunder from and after the date hereof. * * *" (Emphasis added.)
Thereafter, on July 25, 1997, a "First Amendment to Lease" ("amended lease") was entered into by Sparagowski and ProMedica, whereby ProMedica agreed to lease additional space in the building. This amended lease provided, in pertinent part:
 "Survival of Terms and Conditions of Original Lease- Except as modified by this First Amendment to Lease, all of the terms and conditions, with the exception of Section 24.07, of the Original Lease shall continue in full force and effect in accordance with the provisions of the Original Lease. In the event of a conflict between any provision of the Original Lease and any provision of this First Amendment to Lease, the provision in this First Amendment to Lease shall control."
As a result of additional space being leased by ProMedica, Zyndorf sought a broker's commission in the amount of $6,635.81. Sparagowski refused to pay.
On October 30, 1997, Zyndorf brought suit in the Toledo Municipal Court against Sparagowski seeking the $6,635.81 brokerage commission on ProMedica's lease of an additional 3,375 square feet of office space. Each party filed a motion for summary judgment. Zyndorf asserted its entitlement to a brokerage fee based upon the term of the original lease and upon the assignment of that lease to Sparagowski. Sparagowski asserted that he never had any intention of being obligated to pay Zyndorf a brokerage fee; that Zyndorf was not entitled to recover under the terms of the lease agreement because it was a mere incidental third-party beneficiary; that any contractual obligation to pay a brokerage fee was abolished by the amended lease; that the assignment was ambiguous and, therefore, not binding; that there was no contract because Zyndorf provided Sparagowski no consideration; and that Zyndorf was not entitled to a commission because none was "earned." Sparagowski filed an affidavit in support of his motion for summary judgment, stating that his lease with ProMedica came about as the sole result of negotiations between himself and ProMedica, and had nothing to do with Zyndorf. Sparagowski also stated in his affidavit that he was not informed that as part of the assignment, he would be obligated to pay commissions to brokers for their previous activities.
The trial court awarded judgment in favor of Zyndorf in the amount of $6,635.81, plus interest and costs. The trial court found that Section 24.07 of the original lease was binding on Sparagowski through his assignment agreement. The trial court also found that Zyndorf, as a third-party beneficiary, was entitled to compensation pursuant to the contract. Accordingly, the trial court granted Zyndorf's motion for summary judgment and denied Sparagowski's motion.
Sparagowski filed a timely appeal of the trial court's decision and raises the following assignments of error:
"APPELLANT'S STATEMENTS OF ASSIGNMENT OF ERROR
 "A. The Trial Court Erred In Granting Appellee Summary Judgment Since It Was A Mere Incidental, Third-Party Beneficiary And Thus Lacks Standing To Enforce Rights Under The Contract.
 "B. The Trial Court Erred In Concluding The Appellant Manifested An Intention To Be Bound To The Payment Of Appellee's Brokerage Commission.
 "C. The Trial Court Erred In Ruling The Appellee Was A Third-Party Beneficiary Who Could Hold The Appellant Responsible For The Commission.
 "D. The Trial Court Erred In Failing To Consider The Amendment Whereby Any Potential Contractual Obligation To Pay A Brokerage Fee Was Abolished.
 "E. The Trial Court Erred In Failing To Recognize The Absence Of Consideration To Support Appellant's Claim.
 "F. The Trial Court Erred In Failing To Find The Assignment Ambiguous And Therefore Not Binding On Appellant.
 "G. The Trial Court Erred In Ignoring The Contractual Requirement That A Commission Could Not Be Paid Unless It Was "Earned".
 "H. The Commission Provision Violated The Rule Against Perpetuities."
This court notes at the outset that in reviewing a summary judgment, we must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C).
Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio. Thornton v. Windsor House, Inc. (1991), 57 Ohio St.3d 158;Visintine Co. v. New York, Chicago, St. Louis RR. Co. (1959),169 Ohio St. 505. The Ohio Supreme Court in Hill v. Sonitrol ofSouthwestern Ohio, Inc. (1988), 36 Ohio St.3d 36, 40, adopted the statement of law with respect to intended and incidental beneficiaries found in the Restatement of the Law 2d, Contracts (1981) 439-440, Section 302, which states:
 "(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
 "(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
 "(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
 "(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary."
The court also referenced the "intent to benefit" test, as set forth in Norfolk Western Co. v. United States (C.A.6, 1980),641 F.2d 1201, 1208. The "intent to benefit" test is used to determine whether a third-party is an intended or incidental beneficiary. The United States Court of Appeals for the Sixth Circuit stated:
 "`* * * Under this analysis, if the promisee * * * intends that a third party should benefit from the contract, then that third party is an "intended beneficiary" who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an "incidental beneficiary," who has no enforceable rights under the contract.
 "`* * * [T]he mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary.'"
Hill at 40, citing Norfolk at 1208.
We find that the terms of the original lease agreement expressly required the landlord to pay Zyndorf a broker's commission in the event that ProMedica exercised its option to occupy additional space, which ProMedica did. As such, we find that Zyndorf was an intended beneficiary to the contract and was therefore entitled to bring an action to enforce the terms of the lease.
Additionally, pursuant to the assignment agreement between Sparagowski and Christoffers, we find that Sparagowski assumed and agreed to perform and observe all of Christoffers' undertakings, obligations and covenants to be performed or observed under the original lease, from and after November 27, 1996. Accordingly, pursuant to the assignment agreement and the original lease, we find that Sparagowski agreed to be obligated to pay Zyndorf a commission if ProMedica leased additional space. Despite Sparagowski's arguments, we find that the assignment agreement was not ambiguous. There were no inconsistencies between the assignment agreement and the original lease. All Sparagowski had to do was read the lease that was being assigned to him to discover what obligations he was agreeing to undertake.
Moreover, we find that Zyndorf was not required to provide Sparagowski any consideration. Zyndorf was an intended beneficiary of the original lease agreement and sought to collect pursuant that instrument. Sparagowski accepted the obligations of that original agreement. Any consideration to be paid by Zyndorf concerning the original lease already would have been exchanged with Christoffers.
Sparagowski additionally argues that the amended lease clearly abolished any potential contractual obligation he had to pay Zyndorf a broker's commission. Specifically, Sparagowski asserts that any obligation to a third-party beneficiary under a contract may be released if said contract is abolished before the third-party beneficiary seeks to assert its rights thereunder. Because Zyndorf did not attempt to collect its brokerage commission until November 4, 1997, after the amended lease was signed, Sparagowski argues that Section 24.07 of the original lease was rescinded.
Sparagowski relies on Fulton McAllister, Ltd. v.Schneider (1950), 60 Ohio Law Abs. 233, which states that a contract to pay a brokerage fee due under the terms of a lease may not be abrogated by only one of the parties. Rather, in order to rescind such a contract, "[i]t must be by mutual consent, and when done the obligation to the third party is released if done before he has accepted the agreement or asserted his rights thereunder." Until the third-party beneficiary to a contract does some act which fixes his right thereunder, the parties may, "`in good faith, and for a valuable consideration'" rescind or cancel the contract. Community Discount Mortgage Co. v. Joseph (1927),117 Ohio St. 127, 133, citing, Brewer v. Maurer (1883), 38 Ohio St. 543,554.
We find that Sparagowski's alleged rescission of Section 24.07 did not occur before Zyndorf had accepted the agreement or asserted its rights thereunder. Zyndorf was the brokerage firm for the property in 1995 when ProMedica leased the original space. The agreement was in effect for over two years until, without consideration, Sparagowski attempted to eliminate Zyndorf's right while entering into an additional lease agreement with ProMedica. Accordingly, we find that Sparagowski's alleged rescission did not comply with the requirements of either Fulton McAllister orJoseph, supra.
We further find not well-taken Sparagowski's argument that Zyndorf did not "earn" the commission on the amended lease. Section 24.07 states that the commission "shall be earned and payable at the time the extended term commences or the additional space is occupied." Sparagowski asserts that Zyndorf had no involvement in the negotiation of the amended lease. However, we find that the provision does not require additional brokerage activity to be done. Zyndorf assisted in getting ProMedica in the building at the onset, but until the additional space was leased, no other commission was due.
Finally, Sparagowski argues that the provision violates the rule against perpetuities. The rule, however, applies to interests in real or personal property. See R.C. 2131.084. The matter at issue in this case concerns a contractual provision, not an interest in property. As such, the rule against perpetuities does not apply in this case.
Based on the foregoing, we find that there remains no genuine issue of material fact and reasonable minds can only conclude that Zyndorf is entitled to judgment as a matter of law. Accordingly, we find all of appellant's assignments of error not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.